(No. 12451.—Judgment affirmed.)

LYON & HEALY, Appellee, *vs.* THE PIANO, ORGAN AND MUSICAL INSTRUMENT WORKERS' INTERNATIONAL UNION *et al.* Appellants.

*Opinion filed June 18, 1919—Rehearing denied October 24, 1919.*

1. JURISDICTION—*jurisdiction is not lost by erroneous decision.* Jurisdiction is the power to hear and determine a matter in controversy between parties, and if the law gives a court power to render a judgment or decree the court has jurisdiction, and an erroneous decision cannot deprive it of that jurisdiction.

2. INJUNCTION—*when court has jurisdiction to issue an injunction.* Where a complainant asks that an injunction issue upon a bill stating a case belonging to a class within the general equity jurisdiction of the court and the court has before it the party against whom the injunction is asked, the court has jurisdiction to decide whether it will issue an injunction and the character of the same.

3. SAME—*circuit court has jurisdiction to issue injunction in a labor dispute.* The circuit court has jurisdiction of a bill for an injunction filed by an employer against a labor organization conducting a strike of his employees, and it may determine the character of the injunction which should issue.

4. CONTEMPT—*order of court having jurisdiction must be obeyed until set aside or reversed.* A party may refuse to obey an order of court where the court had no jurisdiction to make it but not on the ground that it was erroneously made, and an order made in the exercise of jurisdiction, though erroneous, must be obeyed until modified or set aside by the court making it or reversed by an appellate court.

5. SAME—*sufficiency of bill for injunction cannot be determined on hearing of a contempt charge.* On the hearing of a charge of contempt for violating an injunction which the court had jurisdiction to issue, whether the bill or affidavits showed a sufficient cause for granting the injunction is a question of no importance, and on appeal to the Supreme Court the questions of the sufficiency of the bill and the scope of the injunction issued are not open for determination unless brought up in a direct proceeding for review of the order granting the injunction.

FARMER and THOMPSON, JJ., dissenting.
CARTER and STONE, JJ., specially concurring.

Appeal from the Circuit Court of Cook county; the Hon. Frederick A. Smith, Judge, presiding.

Fred C. G. Schmidt, (W. B. Rubin, and A. W. Richter, of counsel,) for appellants.

Dudley Taylor, for appellee.

Mr. Chief Justice Dunn delivered the opinion of the court:

On November 5, 1917, Lyon & Healy, a corporation engaged in manufacturing and dealing in musical instruments and musical merchandise in the city of Chicago, filed its bill in the circuit court of Cook county and a temporary injunction was issued enjoining the defendants from, among other things, in any manner interfering with, hindering, obstructing or stopping the business of the complainant; from picketing or maintaining any pickets at or near the complainant's premises or along the routes followed by the complainant's employees in going to and from their homes and the complainant's place of business; from watching or spying upon the complainant's place of business, its employees or those who approach or leave its place of business or seek to enter its employment or to do business with it; from assaulting or intimidating, by threats or otherwise, its employees or any person who may become or seek to become its employee; from congregating about or near its place of business or any place where its employees are lodged or board, for the purpose of compelling, inducing or soliciting its employees to leave its service or to refuse to work for it, or for the purpose of preventing or attempting to prevent any person from freely entering into its service; from interfering with or attempting to hinder it from carrying on its business in the usual and ordinary way; from following its employees to their homes or other places or from calling upon them for the purpose or with the effect of inducing them to leave its employment or for the purpose

289 — 12

or with the effect of molesting or intimidating them or their families; from organizing or maintaining any boycott against it or its employees; from calling or procuring or attempting to procure strikes against it by unions other than the Piano, Organ and Musical Instrument Workers' International Union of America or by members of other unions, in furtherance of the conspiracy alleged in the bill upon which the injunction was based; and from doing anything to subject its employees, or any of them, to hatred, criticism, censure, scorn, disgrace or annoyance because of their employment by it.

The defendants to the bill were the Piano, Organ and Musical Instrument Workers' International Union of America, Charles Dold, its president, and a number of other persons, including all the appellants except George Atkins, and he, as well as all the other appellants, was served with the writ and had notice of the injunction on November 7, 1917. With the bill were filed a number of affidavits, from which it appeared that a strike occurred at the plant of Lyon & Healy on October 4, 1917; that the strikers instituted picketing, intercepting and following the employees of Lyon & Healy with demands that they quit their employment, assaulted them, called them offensive names and pursued a course of conduct toward them calculated to intimidate them and prevent them from continuing in their employment, maintaining a system of pickets, with headquarters in a saloon across from the plant, constantly watched the plant and those going to and from it and patrolled in front of or near it; that picketing incidental to strikes in Chicago has a well known reputation for such practices and methods as watching, following, intercepting and threatening employees and applicants for employment, calling them names, jeering, insulting and assaulting them and subjecting them to hostile annoyances, and that such practices were well understood by the employees of Lyon & Healy, so that they feared pickets and picketing, and the mere presence of such

pickets near its factory intimidated its employees and those seeking employment from it; that the picketing and interference were continuous, and the defendants had conspired and combined to injure the complainant by such means.

The defendants answered the bill on December 13, 1917, but continued to maintain their pickets, to patrol the front of the factory and to maintain a watch upon it. A bomb was exploded at night at Lyon & Healy's store, another at its garage, others at the homes of five of its employees, an employee was knocked down, kicked and severely injured within two blocks of the factory and several employees were taunted with the appellation of "scab." On December 15, 1917, Lyon & Healy filed its petition, charging six of the individual defendants, including Charles Dold, the president of the union, with violating the injunction, and asking for a rule on them to show cause why they should not be punished for contempt of court. The respondents answered the petition and denied that they had violated the injunction or had any knowledge of the assault and explosions set out in the petition, and alleged that the pickets were stationed for the sole purpose of informing appellee that there was a strike against it. The court found the respondents guilty of contempt for violating the injunction. Dold was sentenced to imprisonment in the county jail for thirty days and to pay a fine of $500 and the other defendants were fined $300 each. All of the respondents have appealed.

The only question to be considered is whether the circuit court had jurisdiction to grant the injunction. Counsel for appellants do not contend that they did not picket the appellee's plant or did not violate the injunction, but only that there is no evidence that they were guilty of any threats, intimidations or acts of violence or have attempted to create or enforce a boycott, and therefore it is argued that they have not violated any prohibition of the injunction which the court had power to grant.

The injunction prohibited the picketing or the maintaining of any picket or pickets at or near the appellee's premises, and the appellants' contention is that picketing is the exercise of a legal right, which can only be enjoined when something else beside the act of picketing itself is done. Their counsel state that, "of course, where, under the guise of picketing, large crowds are gathered and violence results, or employees·are intimidated or coerced to desist from work, the acts become illegal. The injunction, however, to remain within the bounds of the law, should enjoin only the illegal acts or the excess which makes the illegality, and when it seeks to enjoin the legal act it is a misuse of the power of the court. In order that the picketing may be effective it is necessary for the union to have a sufficient number of men so as to be reasonably able to reach the employees, and those intending to become employees, at the particular place of the strike. If the weapon of the court is used for the purpose of so restricting the laboring men that the exercise of their perfectly legal right to use certain means for the economic advancement becomes useless then the court has abused its function." This statement concedes that picketing may be enjoined under certain circumstances. In *Barnes & Co.* v. *Chicago Typographical Union,* 232 Ill. 424, a decree of injunction in substantially the language of the decree herein was affirmed. No one denies that the courts have the power to interfere by injunction in controversies between employer and employee in proper cases, at the suit of either party. So the appellants' counsel state that the court had the undoubted right to prohibit violence, assault and breach of the peace upon the workingmen employed in complainant's shop during the strike but did not have the right to prohibit the peaceful assembly of working men who are on a strike; that this part of the injunction, therefore, was illegal and should not have been included in the writ. Granting this to be true, it does not follow that the court had no jurisdiction to

grant the injunction. Jurisdiction is the power to hear and determine the matter in controversy between parties, and if the law gives the court power to render a judgment or decree then the court has jurisdiction. Jurisdiction does not depend upon the correctness of the decision and is not lost by an erroneous decision. Where a court has before it a party complainant asking that an injunction issue on a bill stating a case belonging to a class within the general equity jurisdiction of the court, and also the party against whom the injunction is asked, the court has jurisdiction to decide whether an injunction ought to issue and the character of the injunction, and should the court err in ordering an injunction to issue when one ought not to issue or in ordering an injunction broader in its terms than is justified by the bill its decree will be reversed, but the error will be no defense to an attachment for contempt for violating the injunction. The error does not deprive the court of its jurisdiction and the decree is binding upon the defendant until vacated or set aside. (*Franklin Union* v. *People,* 220 Ill. 355.) A party may refuse to obey an order where the court had no jurisdiction to make it, but not on the ground that it was erroneously made. An order made in the exercise of jurisdiction, though erroneous, must be obeyed until modified or set aside by the court making it or reversed by an appellate court. (*Court Rose Foresters of America* v. *Corna,* 279 Ill. 605; *Christian Hospital* v. *People,* 223 id. 244.) There can be no doubt that the circuit court of Cook county had jurisdiction of the subject matter and the parties. It had jurisdiction to determine whether the bill was sufficient to justify the issue of an injunction and the character of the injunction which should issue. Whether the bill stated a cause of action for which an injunction should be granted, or whether the affidavits sufficiently establish the facts upon which an injunction should be granted, are questions of no importance upon the hearing of a charge of contempt for violating the injunction which

the court ordered. If the bill was insufficient it should have been tested by a demurrer and not by disobedience of the writ. (*Court Rose Foresters of America* v. *Corna, supra.*) If its averments were not true a motion should have been made to dissolve the injunction, but until it was dissolved the appellants were bound to obey it. The sufficiency of the bill is not before us for determination. Neither is the question whether the scope of the injunction is broader than the allegations of the bill. Those questions can arise only on a direct proceeding for the review of the order granting the injunction.

The appellants having violated the injunction were properly adjudged guilty of contempt of court, and the judgment against them is affirmed.      *Judgment affirmed.*

FARMER and THOMPSON, JJ., dissenting.

CARTER and STONE, JJ., specially concurring:

Under repeated decisions of this court on similar, if not identical, questions raised here, we think the judgment of the lower court on this, a collateral attack, must be affirmed. We reach this conclusion with reluctance, because we are firmly convinced that the injunction order entered was entirely too sweeping in its provisions, particularly the provision enjoining the appellants, or those associating with them, from interfering or attempting to hinder the appellee from carrying on its business in the usual and ordinary way. It is difficult to conceive of a strike without some damage occurring to the parties in the dispute. Even if the strikers commit no physical violence, the striking employees always plan and intend to deprive the employers of their labor, and in so doing they necessarily unsettle the work of the employers, and, in most instances, in so doing thereby cause damage. This court has said in *Illinois Malleable Iron Co.* v. *Michalek,* 279 Ill. 221, that it must be conceded, in a strict sense, any action taken by the strikers whatever, such as merely passively staying away from

their employment, would to some extent be an injury to the employer. Courts cannot by writ of injunction prevent employees from striking. *Kemp* v. *Division 241,* 255 Ill. 213.

Had there been a direct appeal from the decretal order restraining the appellants from interfering or attempting to hinder appellee from carrying on its business in the usual and ordinary way, without question this court would be compelled to modify such restraining order. Furthermore, we are disposed to think that the restraining order is too broad in its phraseology in reference to picketing appellee's place of business, but in view of our conclusion that these questions were not raised in a direct proceeding and can not be raised in a collateral attack on a decretal order we do not deem it necessary to discuss this question at length.

We cannot agree with the argument of counsel that because the restraining injunctional order is too broad it furnishes an excuse for violating any part of the injunction. Where an injunctional order is absolutely void for want of power in the court, a party may refuse to obey it on the ground that it was improperly and erroneously made. The superior court of Cook county has the power, under the statute, to grant writs of injunction, and the power to grant the writ in this particular case was conferred by the filing of the bill. It has long been the settled rule of law in this court that appellants cannot attack collaterally any portion of this restraining order because it contained erroneous provisions such as those here referred to. *Barnes & Co.* v. *Typographical Union,* 232 Ill. 402; *Clark* v. *Burke,* 163 id. 334; *Christian Hospital* v. *People,* 223 id. 244; *Loven* v. *People,* 158 id. 159; *Leopold* v. *People,* 140 id. 552.