Maurice Hoeffken and Henry Hoeffken, trading as Hoeffken Brothers Supply & Construction Company, Appellees, v. Belleville Trades and Labor Assembly et al., Appellants.

1. CONTEMPT—*violation of injunction against picketing.* A temporary injunction restraining a labor organization and its members from interfering with the business of a paving contractor or with his employees and from picketing the scene of such contractor's operations in the performance of his contract is shown to have been violated by evidence that defendants congregated at the place in question and intimidated complainants' employees and persuaded some of them to quit their employment, assailed one of them violently and engaged in picketing and otherwise interfered with complainant's business.

2. CONTEMPT—*motion to modify injunction as purging previous contempt.* Contempt of court by violation of a temporary injunction restraining a labor organization and its members from picketing is not purged by a motion to modify such injunction so as to permit peaceful picketing made after the contempt is complete by admitted violation, the injunction order having been issued by a court of competent jurisdiction having jurisdiction of the subject-matter and the parties.

3. CONTEMPT—*sufficiency of evidence.* A finding of the court that labor union officials have been guilty of contempt of a temporary injunction restraining them from interfering with complainants' employees and from acts of violence towards such employees and from picketing is sustained by evidence that one of the defendants struck or kicked an employee, even though there is some conflict in the evidence, and where the picketing is admitted.

4. Contempt—*excessiveness of punishment.* It is no abuse of discretion for the trial court which issued a temporary injunction restraining a labor organization and its members from interfering with complainants' employees and from picketing their scene of operations to impose fines of from $25 to $100 on persons found guilty of violation of such injunction and an additional sentence of ninety days in jail upon one of such persons.

Appeal by defendants from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 3, 1923.

W. J. MacDonald, for appellants.

C. E. Pope and H. F. Driemeyer, for appellees.

Mr. Presiding Justice Boggs delivered the opinion of the court.

On June 6, 1922, appellees filed in the circuit court of St. Clair county a bill for an injunction against appellants and others setting forth among other things that appellees were contractors engaged in the construction of a concrete roadway in St. Clair county; that they employed on said work upwards of fifty men engaged as laborers, cement workers, chauffeurs, teamsters, mechanics, repair men, machine operators and firemen. That on or about May 25, 1922, the agents and representatives of appellant labor associations and others affiliated therewith, solicited and by threats and intimidation procured a large number of appellees' employees to quit their employment and to institute a strike against appellees; that said defendants, officers of said organizations and other members thereof have conspired, combined, confederated and agreed together with malicious intent, wrongfully and unlawfully to injure the business and property of appellees.

Said bill further charges that in pursuance of said conspiracy and unlawful intent, said defendants have instituted a system of picketing where appellees are

engaged in said work. That defendants have assaulted and beaten and attempted to frighten and intimidate appellees' employees near the premises where said work is in progress, and have, by physical violence, attempted to impress said employees that if they continue to work for appellees they would be subjected to further violence and bodily harm. Said bill prayed for a temporary restraining order and a permanent injunction on final hearing.

A temporary injunction was issued enjoining appellants and others of said defendants from, among other things, in any manner interfering with, hindering, obstructing or stopping the business of appellees, and from entering upon the premises where the employees of appellees are at work for the purpose of interfering with, hindering, or obstructing the business of appellees in any manner whatever; and also from compelling or attempting to compel, by threats, intimidation, force, violence or coercion, any of said employees to leave the service of appellees and also from doing any act or acts whatever in furtherance of any conspiracy or combination to restrain and obstruct appellees in the free, uninterrupted and unhindered control and direction of their business and affairs; and also from either singly or in combination with others collecting in and about the approaches to any of the premises used or occupied by appellees or on the public roads or highways which they are engaged in paving or improving, for the purpose of picketing, patrolling or guarding such highways, streets, alleys or approaches; and also from interfering with such employees or either or any of them by the use of any vile or abusive names or words importing hatred, criticism, censure or scorn because of or in connection with the employment of said employees, or words intending to disgrace, annoy or embarrass said employees, because of said employment or effort to secure employment, until otherwise ordered by the court.

On June 14, 1922, appellees filed a petition supported by affidavits for an order on appellants, F. Londilius, J. Henderson, Ewald Luetscher, Clay Voland, O. B. Kirk and William T. Christopher, to show cause why they should not be adjudged in contempt of court for the violation of said restraining order; and pursuant thereto, a citation was issued as prayed.

On June 22, appellants served appellees with notice of a motion to dissolve or modify said temporary injunction. To the petition for citation, appellants filed an answer denying any violence or intimidation, but admitted that they had been engaged in picketing or patrolling, claiming right so to do, for the purpose of maintaining their labor organization, but with no intent of defying the law or exhibiting contempt for the order of said court. A hearing was had on affidavits and on testimony of witnesses heard in open court. Appellants were found guilty. Christopher, Luetscher, O. B. Kirk and Londilius were severally fined $100. Tool was fined $50, appellants Voland, Henderson and Winter were each fined $25. With said fines was an order of commitment until fine and costs were paid. In addition to the fine imposed, appellant Christopher was sentenced to the county jail for ninety days. The motion to dissolve or modify said injunction was heard by the court and was taken under advisement. To reverse said judgment this appeal is prosecuted.

The evidence shows, and it is not disputed by appellants either in their pleadings or testimony, that they congregated along said roadway and endeavored to persuade the employees of appellees to quit their work and join said strikers, and that said picketing had been carried on for several days. It is further admitted that a public mass meeting was held, and was addressed by appellant Christopher. Volunteers were called for the purpose of engaging in picketing and in an effort to secure the employees of appellees to join

the ranks of said labor organization and to leave appellees' employment.

It was also admitted that as a result thereof several workmen laid down their tools and left said employment. The only act of violence which the evidence tends to show was on the part of O. B. Kirk, who it is charged made a personal assault upon one Martin, while he was on his way to work. The evidence also discloses that carpet tacks and roofing nails were strewn along the roadway adjacent to the road under construction and over which the trucks and automobiles belonging to appellees were forced to travel, resulting in puncturing the tires of said trucks and automobiles; that immediately prior to the finding of said tacks and nails, persons were seen loitering along said roadway, passing back and forth in the immediate vicinity. There is, however, no direct proof that appellants had anything to do with scattering of said tacks and nails.

It is first contended by appellants for a reversal of said judgment, that said judgment and order finding appellants guilty is against the law and the evidence.

The trial court in this case had jurisdiction of the subject-matter and of the parties. Jurisdiction does not mean jurisdiction of a particular case, but of that class of cases to which the particular case may belong, it does not depend upon the sufficiency of the bill or on the correctness of the order. *O'Brien v. People,* 216 Ill. 354; *Franklin Union v. People,* 220 Ill. 355; *Lyon & Healy v. Piano Workers' Union,* 289 Ill. 176; *O'Connor v. Board of Trustees,* 247 Ill. 54; *Figge v. Rowlen,* 185 Ill. 234.

The rule is that in contempt proceedings, for the violation of an injunction, the injunction order or decree cannot be collaterally attacked however erroneous, nor can the sufficiency of the bill be thus questioned. *O'Brien v. People, supra; Franklin Union v. People, supra; Lyon & Healy v. Piano Workers'*

*Union, supra; Christensen v. People,* 114 Ill. App. 40; *O'Connor v. Board of Trustees, supra.*

Counsel for appellants practically concede that the court had jurisdiction of the subject-matter of these proceedings and necessarily concede that the court had jurisdiction of appellants. It is the contention of appellants, however, that under the law they had the right to do peaceful picketing, and that the acts of appellants in this case did not go further; and that inasmuch as they had made a motion in the trial court, before they had been adjudged in contempt, to have the decree modified to permit of peaceful picketing, that the court erred in not granting said motion and in finding appellants guilty.

The record discloses, and it is admitted, that the acts complained of on the part of appellants occurred prior to the making of the motion to modify said injunction order.

The injunction order having been issued by a court of competent jurisdiction, it was incumbent on all parties thereto, having notice thereof, to obey the same until modified or reversed, regardless of its correctness or incorrectness. *O'Brien v. People, supra; Franklin Union v. People, supra; Lyon & Healy v. Piano Workers' Union, supra; Christensen v. People, supra; Ash-Madden-Rae Co. v. International Ladies Garment Workers' Union,* 290 Ill. 301.

In the latter case, the court in discussing this question, at page 305, says: "Defendant in error knew the injunctions forbade picketing, but because it was his opinion that the injunctions were invalid he counseled and advised disregarding them. * * * The question presented is whether the violation of an injunction which is admitted to have been within the lawful powers and authority of the judge to issue, by one who believed it was not lawful, constitutes a contempt.

"It is so universally settled law as to require no

citation of authorities, that the orders and judgments of a court having jurisdiction must be obeyed until reversed or set aside in a direct proceeding for that purpose, and in a proceeding for contempt for violating an injunction it cannot be urged that granting the injunction was erroneous. Unless absolutely void it is binding on the parties and must be obeyed.''

It may be further observed with reference to the motion made by appellants to modify said decree, and which motion was taken under advisement by the court, that appellants did not assign as error the failure of the court to pass on the same. It would not, however, make any difference in this case, in our judgment, for the reason that even though the court should have allowed said motion to modify said order, it would not have purged appellants of said contempt.

It is also urged by counsel for appellants that the evidence fails to show that they were guilty of any act of violence in connection with said order. While there is a conflict of evidence as to whether appellant Kirk struck or kicked one of the employees of appellees, still we are not able to say that the finding of the court on that question was not supported by the evidence.

Without reference, however, as to whether appellants were guilty of any overt act of violence, the record conclusively shows, and it is in fact admitted, that appellants violated the provisions of said injunction decree. Appellant Christopher made a public address in which appellants in their brief concede that he stated: " 'I have been picketing on this job, and I expect to continue to do so. For anyone to prevent me is illegal, and, if necessary, I am willing to go to jail and fight for my rights.' "

Counsel for appellants further say that even though appellant Christopher wanted 200 men to go with him to where appellees were doing their construction work

and do picket duty, that it would not warrant the court in finding him guilty.

In *Lyon & Healy v. Piano Workers' Union*, 289 Ill. 176, at page 181, the court says: "Where a court has before it a party complainant asking that an injunction issue on a bill stating a case belonging to a class within the general equity jurisdiction of the court, and also the party against whom the injunction is asked, the court has jurisdiction to decide whether an injunction ought to issue and the character of the injunction, and should the court err in ordering an injunction to issue when one ought not to issue or in ordering an injunction broader in its terms than is justified by the bill its decree will be reversed, but the error will be no defense to an attachment for contempt for violating the injunction. The error does not deprive the court of its jurisdiction and the decree is binding upon the defendant until vacated or set aside. (*Franklin Union v. People*, 220 Ill. 355.) A party may refuse to obey an order where the court had no jurisdiction to make it, but not on the ground that it was erroneously made. An order made in the exercise of jurisdiction, though erroneous, must be obeyed until modified or set aside by the court making it or reversed by an Appellate Court. (*Court Rose Foresters of America v. Corna*, 279 Ill. 605; *Christian Hospital v. People*, 223 Ill. 244.)"

So in any view that can be taken of the facts disclosed by this record, appellants under the authorities above cited were clearly guilty of violating the injunction order, and the court did not err in so finding.

It is next contended by appellants that the punishment imposed was excessive. The fines imposed were from $25 to $100. The only one of the appellants given a jail sentence was William T. Christopher. We are of the opinion that the punishment imposed was not so excessive that we would be warranted in holding that the trial court had abused its discretion in the

imposition of said fines and jail sentence, and unless we can do so we should not reverse said cause for that reason.

In the case of *Ash-Madden-Rae Co. v. International Ladies Garment Workers' Union, supra,* the court in discussing this question, at page 306, says: "The court granting the injunction is clothed with a large discretion in enforcing obedience to it, and in a proceeding for its violation the extent of the punishment to be inflicted rests in the sound legal discretion of the court, and courts of appellate jurisdiction will not interfere with the exercise of such discretion except for its abuse. (*Hake v. People,* 230 Ill. 174; *Leopold v. People,* 140 Ill. 552; *In re Independent Pub. Co.,* 240 Fed. (C. C. A.) 849; *Carr v. District Court,* 147 Iowa 663."

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*