**Mary Sprainis et al., Defendants in Error, v. Lietuwishika Evangelishka Liuterishka Draugystes, Plaintiff in Error.**

**Gen. No. 28,329.**

1. ASSOCIATIONS—*when suit may be brought against unincorporated association for death benefits.* A suit may be maintained against an unincorporated association in its own name and need not be brought against all the members individually for the recovery of death benefits alleged to be due to the family of a deceased member where it appears that the association has a constitution and by-laws, that it is engaged in the business of providing sick and death benefits for its members, and is acting as a *de facto* corporation.

2. PROCESS—*when association properly served by service on president.* A voluntary unincorporated benefit association formed

for the purpose of providing its members with sick and death benefits was sufficiently served with process to bring it within the jurisdiction of the court in an action for benefits by the family of a deceased member by service of process on the president, who was the active head of the association and had charge of its records and appeared as agent.

3. FRATERNAL BENEFICIARY ASSOCIATIONS—*when suicide by-laws inapplicable.* Suicide by-laws of a fraternal benefit society are no defense to an action for death benefits where there is no evidence whatever that the member in question died by his own hand.

Error by defendant to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

HAROLD O. MULKS, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error defendant seeks the reversal of a judgment against it of $129 entered upon the finding of the court. Suit was brought by the widow and children of John Sprainis, deceased, to recover death benefits which it is alleged defendant is obligated to pay to the family of John Sprainis, who was a member of the defendant association at the time of his death.

Defendant first contends that it is an unincorporated association which cannot be sued in the name of the society, but all members thereof must be made parties. The character of the defendant as shown by the record is somewhat indefinite. The statement of claim states that it is a fraternal mutual benefit society. The summons was served by delivering a copy thereof to "Martin Tonaiti, president of said corporation." Appearance of defendant was entered by Martin Tonaiti as agent and also by its attorneys. By an amended affidavit of merits defendant asserted that it

was "not a corporation, or partnership, but is a voluntary association formed for the purpose of paying death benefits to the family of the deceased members of the association by the assessment of certain sums of money from each member." From the evidence it appears that the society has a constitution and by-laws. Tonaiti testified that he was the president of defendant and had charge of the records. He testified "that the society is not a corporation, it is a benefit society, sick society." The pleadings and evidence justify the conclusion that defendant is a fraternal beneficiary society.

It is undoubtedly true that at common law an unincorporated association cannot be sued in its society or company name. 5 Corpus Juris 369. But our statute regulating fraternal beneficiary societies (Cahill's Ill. St. ch. 73, ¶ 488) contemplates suits against such societies by their company name in providing (paragraph 499) for the appointment of an officer, namely, auditor of public accounts, subsequently transferred to the insurance superintendent, upon whom service of process may be had. In *Supreme Hive Ladies of Maccabees v. Harrington*, 227 Ill. 511, it was held that this does not make such service the exclusive method of obtaining jurisdiction of societies.

Furthermore, where such an association is acting as a *de facto* corporation it may properly be sued and served with process. *Fitzpatrick v. Rutter*, 160 Ill. 282; *Barnes & Co. v. Chicago Typographical Union*, 232 Ill. 402; *Lyon & Healy v. Piano, etc., Workers' Union*, 289 Ill. 176. In *United Mine Workers v. Coronado Coal Co.*, 259 U. S. 344, 387, Mr. Chief Justice Taft states in substance that equitable procedure adapting itself to modern needs has grown to recognize the need of representation by one person of many, too numerous to sue, and this has had its influence upon the law side of litigation, so that, out of the very necessities of the existing conditions and the utter impossibility of doing justice otherwise, the suable char-

acter of such organizations has come to be recognized in some jurisdictions.

We hold that suit was properly brought and the service of process upon the president of defendant society was sufficient to bring defendant within the jurisdiction of the court.

There is also presented as a defense certain by-laws with reference to beneficiary expenses of a member who died by suicide. We find nothing in the record showing that John Sprainis died from suicide, so this by-law is not applicable. The judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.