**People of the State of Illinois and People of the State of Illinois ex rel. Danville District Dental Society et al., Plaintiffs-Appellees, v. Samuel Spounias, Defendant-Appellant.**

Gen. No. 10,198.

Third District.

January 21, 1959.

Released for publication February 6, 1959.

John Unger, of Danville, for defendant-appellant.

John R. Dean, State's Attorney, John F. Twomey, Assistant State's Attorney, Stifler & Snyder, all of Danville, for plaintiffs-appellees.

PRESIDING JUSTICE ROETH delivered the opinion of the court.

On November 7, 1956 the Circuit Court of Vermilion County entered a decree in the above case, enjoining defendant from practicing dentistry. Subse-

quently on August 4, 1957 an unverified petition was filed in the case, for a rule on defendant to show cause why he should not be adjudged in contempt of court for violation of the terms of the injunction. The petition was couched in general terms, that is, it simply alleged a violation of the injunction in various ways, without specifying the date of the violation or the person or persons upon whom the illegal practice of dentistry had been performed or the specific nature of the dental work administered to such person or persons. On October 18, 1957 defendant appeared by counsel and a stipulation was entered into by respective counsel by which it was stipulated that the violation which defendant is charged with, is that he put 12 stitches in the mouth of Mrs. Nance Gerlinger on June 30, 1957, which allegations are denied by defendant. By the stipulation verification of the petition was waived and further particularization of the charge was waived. The court then conducted a hearing on the petition. The evidence heard is not preserved and is not therefore before us. It is to be presumed that the evidence on this hearing was confined to the charge stipulated to by counsel. In any event, counsel for defendant does not claim otherwise. At the conclusion of the hearing the matter was taken under advisement by the court.

While the matter was still under advisement, and on October 30, 1957, a supplemental petition for rule to show cause was filed, alleging that since the hearing on the petition of August 4, 1957, petitioners had learned of additional acts of the defendant prohibited by the injunction, namely, that in April, 1957, defendant had made a set of dentures for Aletha Reeder and had treated her in the fitting of said dentures and had been paid for the same; that at the same time George Reeder, the husband of Aletha, consulted defendant about replacement of his dentures, paid defendant an

186

initial payment of $30, had an impression made for the purpose of replacing the dentures and subsequently abandoned the project. There was an affidavit attached to this petition by one of the attorneys for petitioners to the effect that he had interviewed George and Aletha Reeder, had reduced their statements to writing and that they will testify to the facts as set forth in the supplemental petition. On November 4, 1957, defendant appeared by counsel and filed a motion to strike on the grounds inter alia that the petition was not properly verified and that the matters set up therein were beyond the scope of the stipulation entered into on the hearing of the petition of August 4, 1957. This motion was denied and defendant was ruled to answer by December 10, 1957. He filed his answer in which he set up the same matters set forth in his motion to strike and in addition a so-called special defense in which he alleged that petitioners secured the passage of the law making denturists subservient to the dental profession, that the petitioners have attempted to make defendant work exclusively for them at unconscionable terms, that they have conspired to deny defendant any business in the interest of their own economic welfare and contrary to the interests of the public generally and that they do not come into equity with clean hands. Hearing was had on the supplemental petition and answer on December 18, 1957, and on this supplemental petition defendant was found guilty of contempt. He was ordered to pay a fine of $250 and post a bond for $2,500 conditioned on future compliance with the injunction decree. This appeal is from this order.

At the outset it is to be noted that the answer as abstracted by counsel for defendant does not deny the charges contained in the supplemental petition. Also, counsel for defendant does not here claim that the evidence was insufficient to sustain those charges. We

therefore deem it unnecessary to detail the evidence adduced on the hearing of the supplemental petition.

■ ■ The questions involved in this appeal as raised by counsel for defendant relate solely to procedural matters. It is first contended that petitioners should not have been granted a hearing on the supplemental petition because they were bound by the stipulation entered into on the hearing of the original petition. Counsel cites a long list of cases to the effect that where parties enter into a stipulation prescribing the issues upon which a case is to be tried, they are bound by the stipulation and cannot raise other issues. This rule is not questioned. However, it has no application to the matter before us. The original petition was general in its terms. Defendant was entitled to some particularization of the violation complained of. This was done by the stipulation. The effect of the stipulation was to confine the hearing *on that petition,* to an alleged violation involving Mrs. Nance Gerlinger. There is nothing in the record before us to indicate that the hearing *on that petition* exceeded the confines of the stipulation. In our opinion the stipulation did not preclude the filing of a supplemental petition alleging other distinct violations.

■ ■ Defendant's second contention is that the supplemental petition is not properly verified. Counsel for petitioners contends that no verification is necessary. Failure to comply with the injunction decree constitutes a civil contempt. In Hake v. People, 230 Ill. 174, 82 N. E. 561, it was held that contempt proceedings of this type may be commenced by petition *or* affidavit. It was further held in that case, that the proceeding from its inception to its conclusion is a civil chancery proceeding, conforming itself, in its pleadings, character and quantity of proof required, to the rules and practice applicable to other chancery proceedings. It seems to have been the accepted prac-

tice among lawyers to verify a petition for such a rule to show cause. As the court said in People v. Severinghaus, 313 Ill. 456, 145 N. E. 220, "This seems to be the prevailing practice in Illinois." However, we are not aware of any statutory provision or rule of court that requires this to be done. The more modern concept of the question is that if the requisites of due process are accorded to a defendant charged with civil contempt, that is, notice to defendant and an opportunity to answer, and be heard on, the charges, a verification of the petition is unnecessary. See 41 A.L.R.2d 1259 and annotation following reported case. In the case at bar these requirements have been met. The cases cited by defendant, namely, People v. Harrison, 403 Ill. 320, 86 N.E.2d 208, and People v. Severinghaus, supra, were cases involving criminal contempt. There, a different rule applies for well founded reasons as these cases reveal. We therefore hold that a verification of the petition in this case was not necessary.

■ Finally it is contended that the trial court erred in precluding defendant from offering evidence on the special defense. The matters therein set up had no bearing on the issue involved on the hearing, i. e., whether defendant had violated the injunction decree. The trial court was correct in its rulings on this issue. Court Rose No. 12 Foresters of America v. Corna, 279 Ill. 605, 117 N. E. 144. Accordingly the judgment of the Circuit Court of Vermilion County is affirmed.

Affirmed.

CARROLL and REYNOLDS, JJ., concur.