**LYNCH BURIAL ASSOCIATION,**
Appellant,

v.

**Sam LEE, Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

Rehearing Denied March 18, 1960.

Reuben KOCH, Appellant,

v.

Alice L. STONE, Guardian of Charlotte
Frances Stone, etc., Appellee.

Court of Appeals of Kentucky.

Feb. 19, 1960.

Grant F. Knuckles, W. R. Lay, Pineville, for appellant.

Joseph K. Beasley, Harlan, for appellee.

PER CURIAM.

Motion by Lynch Burial Association for an appeal from an order of the Harlan Circuit Court overruling a motion by the association, under CR 55.02 and 60.02, to set aside a default judgment of $650 which Sam Lee had obtained against the association.

The judgment was against the "Lynch Burial Association" for benefits under a burial insurance policy issued by the association. The sole ground of the motion to set aside the judgment was that the judgment was void because the association was an unincorporated voluntary association and as such was not susceptible to being sued as a legal entity.

Under KRS 303.090, a burial association is not permitted to engage in business unless it is incorporated. Since the Lynch Burial Association did engage in business, and issued burial insurance policies in such name, it is our opinion that it is precluded from asserting that it cannot be sued as a legal entity on such policies. See American Ry. Express Co. v. Asher, 218 Ky. 172, 291 S.W. 21; Clark v. Grand Lodge, B. R. T., 328 Mo. 1084, 43 S.W.2d 404, 88 A.L.R. 150; Cornfield v. Order of Brith Abraham, 64 Minn. 261, 66 N.W. 970; Sprainis v. Lietuwishika E. L. Draugystes, 232 Ill.App. 427; Perine v. Grand Lodge A. O. U. W., 48 Minn. 82, 50 N.W. 1022; 18 C.J.S. Corporations § 110, p. 509.

The motion for an appeal is overruled and the order is affirmed.