East Side Health District, a Municipal Corporation, Plaintiff-Appellee, v. Village of Caseyville, Illinois, a Municipal Corporation, Defendant-Appellant.

Gen. No. 62-O-3.

Fourth District.
January 14, 1963.
Rehearing denied February 8, 1963.

Russell H. Classen, of Belleville, for appellant.

Frank M. Summers, of East St. Louis, for appellee.

HOFFMAN, JUSTICE.

This is an appeal by the defendant Village of Casey-ville from a contempt order of the Circuit Court of St. Clair County wherein the court found that the Village had failed to abide an injunction order of said court and fined the Village the sum of $500.

There is, in St. Clair County, a municipal corporation known as the East Side Health District which is duly organized under the laws of the State of Illinois and whose purpose is the regulation of the

disposal of sewage in the unincorporated areas embraced within said District. On October 17, 1949, said Health District adopted a regulation governing the disposal of sewage within the district.

The defendant Village of Caseyville, also a municipal corporation organized and existing under the laws of the State of Illinois, in the process of constructing a sewage system, secured a permit from the State of Illinois Sanitary Water Board on October 19, 1961 to use a temporary waste pond, provided it complied with applicable local laws, regulations or ordinances.

In November of 1961, the Health District filed a sworn complaint in the Circuit Court of St. Clair County alleging that the use of said temporary waste pond was a direct violation of the regulation governing the disposal of sewage within said Health District; that the Health District had requested the Village to stop using said waste pond; and that the defendant refused to stop such use. The Health District then alleged that it was without other remedy and prayed that the Village be restrained by injunction from using said temporary waste pond.

It was further set forth by affidavit that the rights of the complainant would be unduly prejudiced and irreparable damage suffered if the injunction were not issued immediately without notice. Accordingly, on November 14, 1961 the Circuit Court ordered that a writ of injunction issue directed to and restraining the Village, its contractors, agents and representatives, "from constructing, maintaining and operating a temporary waste stabilization pond."

An appeal from this order was taken to this Court and this Court, on January 3, 1962, entered an order staying said injunction pending the outcome of the appeal.

Prior to the entry of the stay order in this Court, the Health District appeared before the Circuit Court of St. Clair County with a petition for rule to show

441

cause against the defendant for failure to abide said injunction order, and on December 29, 1961 said Circuit Court considered said petition, found the defendant in contempt, and fined the defendant the sum of $500. It is from this order of December 29, 1961 that this appeal is taken.

■ The Health District, which was the moving party below, has not appeared in this Court nor have any briefs been filed in its behalf. We would be justified, on this state of the record, to reverse and remand the cause without further discussion. Eckells v. City Council of City of East St. Louis, 23 Ill App2d 360, 362, 163 NE2d 107, 108. However, because of the view which we are taking in this matter, we have decided to consider this appeal on its merits, even though no one has appeared before us to defend the order entered below.

The principal argument of the defendant Village on this appeal is that the injunction order was void and that, therefore, the defendant could violate it with impunity. It is claimed that the statutory requirement (Ill Rev Stats 1961, c 69, § 3), that notice issue prior to the hearing and that bond be furnished before the injunction issue (Ill Rev Stats 1961, c 69, § 9), is jurisdictional, and that the issuance of the injunction here without notice and without bond made the order absolutely void. It is further argued that the plaintiff had other adequate legal remedies, that it was not being deprived of some substantial right, and that the relative inconvenience to the defendant upon issuance of the injunction was greater than to the plaintiff. All of these, it is said, likewise make the injunction illegal and void.

These arguments have all been heard and settled in a long line of cases before our Supreme Court. The defendant confuses the jurisdictional power of the Circuit Court to enter the injunction order with the arguments that it was erroneously granted. "If

the case belongs to the general class of cases of which the court has jurisdiction, then it has jurisdiction to grant an injunction, although its order in granting the same may have been erroneously entered." Cummings-Landau Laundry Machinery Co. v. Koplin, 386 Ill 368, 383, 54 NE2d 462, 469. "Jurisdiction is the power to hear and determine the matter in controversy between parties, and if the law gives the court power to render a judgment or decree then the court has jurisdiction. Jurisdiction does not depend upon the correctness of the decision and is not lost by an erroneous decision. Where a court has before it a party complainant asking that an injunction issue on a bill stating a case belonging to a class within the general equity jurisdiction of the court, and also the party against whom the injunction is asked, the court has jurisdiction to decide whether an injunction ought to issue and the character of the injunction . . . ." Lyon & Healy v. Piano Work. Union, 289 Ill 176, 181, 124 NE 443.

 Because the Circuit Courts of this State derive original jurisdiction in all equity cases from the Constitution and since the power of issuing injunctions to prevent irreparable injury has long been an undoubted right of equity courts (Peoples Gas Light & Coke Co. v. Slattery, 373 Ill 31, 42, 25 NE2d 482), in the instant case there is no question but what the general equity jurisdiction of the Circuit Court of St. Clair County was properly invoked. The writ was served upon the defendant. As such it was to be obeyed, no matter how clearly it was erroneous. Such obedience is called for until the order is modified or set aside by the court making it or stayed or reversed by an Appellate Court. Court Rose No. 12, Foresters of America of Spring Valley v. Corna, 279 Ill 605, 607, 117 NE 144. Upon the contempt hearing, whether the complaint states a cause of action for which an injunction should issue or whether the af-

443

fidavits sufficiently establish the facts upon which an injunction should be granted are questions of no importance. (Cummings-Landau Laundry Machinery Co. v. Koplin, 386 Ill 368, 385, 54 NE2d 462, 469.) The hearing without notice may be erroneous, but this does not void the writ. People v. McWeeney, 259 Ill 161, 102 NE 233. The issuance of the writ without bond is discretionary. 21 ILP Injunctions Section 134. The only questions before the trial court upon the contempt hearing are whether the court has jurisdiction to grant the injunction and whether or not it was violated. People v. Lee, 311 Ill 552, 143 NE 196; Tolman v. Jones, 114 Ill 147, 28 NE 464. And upon appeal, "no error in such prior order can be considered." Cummings-Landau Laundry Machinery Co. v. Koplin, 386 Ill 368, 385, 54 NE2d 462, 470. If the complaint is insufficient, it should not be tested by disobedience. If the averments are not true, a motion to dissolve is in order.

█ As stated above, there can be no doubt in this case but what the Circuit Court of St. Clair County had the broad equitable jurisdiction to enter the injunction order. That being so, the defendant had no alternative but to obey said order until it was stayed by this Court on January 3, 1962. Since there is ample evidence in the record that the defendant violated the injunction, it was proper for the Court to use its contempt powers.

█ One last argument is made by the defendant Village. It is urged that the contempt order was faulty in that it failed to designate anyone to whom the fine should be paid. This contention was answered by the Supreme Court in Porter v. Alexenburg, 396 Ill 57, 71 NE2d 58, wherein it was stated that the statute provides where fines are to be paid, and that it is not necessary to set it out specifically in the order.

For the reasons above set forth, the order of the Circuit Court of St. Clair County, entered December 29, 1961, finding that the defendant Village of Caseyville had contemptuously disobeyed the injunction issued November 14, 1961, and fining the defendant for such contempt in the sum of $500, is affirmed.

Affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.