James E. Keck, Plaintiff-Appellant, *v.* Dolores F. Keck, Defendant-Appellee.

(No. 56058;

First District—October 4, 1972.

*Rehearing denied November 22, 1972.*

BURMAN, J., dissenting.

Frank J. Hucek, of Berwyn, for appellant.

Donald L. Johnson, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, James E. Keck, appeals from a judgment entered in the Circuit Court of Cook County dismissing his complaint for divorce and entering a decree of separate maintenance in favor of the defendant, Dolores F. Keck.

The primary issue presented on appeal is whether a Nevada divorce decree obtained by the plaintiff was entitled to full faith and credit in Illinois.

James E. Keck and Dolores F. Keck were married on September 4, 1948. Two children were born of the marriage, a daughter in 1954 and a son in 1956. In November, 1961, the Kecks purchased and moved into a home in Westmont, Illinois. There is conflicting testimony in the record as to certain marital difficulties which faced the Kecks for a period of years beginning in November, 1961, up to July, 1966. The apparent culmination of such alleged marital difficulties was Mr. Keck's moving from the family home into an apartment in Chicago in July, 1966, while Mrs. Keck remained with the children in the family home.

In December, 1967, Mr. Keck filed a complaint for divorce in the Circuit Court of Cook County, in which he alleged as grounds both mental cruelty and constructive desertion. In February, 1968, Mrs. Keck filed her answer to the divorce complaint as well as a counter-complaint for separate maintenance, alleging desertion by the plaintiff.

In October, 1968, Mr. Keck moved his residence to Las Vegas, Nevada. He went into business in Nevada for an independent insurance inspector and was paid for services he rendered to an insurance company while in residence there. Shortly after taking up residence in Nevada, Mr. Keck commenced proceedings to obtain a divorce from Mrs. Keck. In the meantime, the Illinois proceedings initiated by Mr. Keck were assigned to a judge for hearing. The date for the hearing was November 20, 1968. After a continuance to November 26, 1968, the trial court heard certain testimony, and the hearing was then further continued to December 5, 1968. On December 5, 1968, Mrs. Keck was served with both a summons and a copy of the complaint in the Nevada divorce proceedings commenced by Mr. Keck. The hearing was again continued to December 23, 1968.

On December 23, 1968, the hearing was held by the trial court, and the trial judge entered an order continuing all pending matters to a new date. The order also enjoined the plaintiff, who was not present as he was residing in Nevada, from proceeding with his divorce case in Nevada. Finally, the order directed the plaintiff to pay $50.00 per week as temporary alimony and child support.

On December 27, 1968, the Nevada court, having found Mrs. Keck in default, entered a divorce decree based on Mr. Keck's complaint for divorce. Mr. Keck thereafter returned to Chicago for the purpose of clearing up the divorce litigation still pending in the Circuit Court of Cook County. On June 27, 1969, the trial court was presented with a motion by Mr. Keck to dismiss Mrs. Keck's complaint for separate maintenance together with a copy of the Nevada divorce decree. The basis for the plaintiff's motion to dismiss the complaint for separate maintenance was the marriage between the Kecks no longer existed by virtue of the Nevada divorce decree. Mrs. Keck replied to the plaintiff's motion to dismiss with a motion to strike Mr. Keck's motion based on the fact that Mr. Keck, having been enjoined from further proceedings in seeking the Nevada divorce on December 23, 1968, did not have a valid decree. Mrs. Keck also alleged in her motion that Mr. Keck had never established a bona fide domicile in Nevada. Following a hearing at which both the Nevada divorce decree and a documentation of his business dealings in Nevada were entered into evidence by Mr. Keck, the trial court denied his motion to dismiss the complaint for separate maintenance and allowed Mrs. Keck's motion to strike. This ruling was erroneous. The trial court, in ruling on these two motions, stated that no decision had been reached as to the validity of the Nevada divorce decree.

Thereafter, the case was called for trial and testimony was heard. During trial, the Nevada divorce decree was again introduced into evi-

dence. The trial court, however, rather than giving the decree full faith and credit, erroneously ruled the decree invalid, stating the plaintiff was enjoined by this court and the Nevada court had no jurisdiction of Mrs. Keck. Subsequently, on November 18, 1970, a decree was entered by the trial court finding that Mrs. Keck was entitled to separate maintenance, that she was employed and not entitled to alimony at this time, and granting her custody of the children and $50.00 per week for support of the children. The decree also dismissed Mr. Keck's complaint for divorce. It is from this decree the plaintiff herein appeals.

The plaintiff contends the Nevada divorce decree, offered into evidence by the plaintiff, was entitled to full faith and credit in Illinois. Based on this point, the plaintiff further contends the Nevada decree, if granted full faith and credit in Illinois, is a bar to further proceedings under the defendant's complaint for separate maintenance.

There appears to be no basis, in fact or in law, for the trial court's refusal to recognize the Nevada divorce decree, properly admitted into evidence, as valid, and thus give such decree full faith and credit in Illinois. The defendant did not choose to attack the Nevada divorce decree as to any of its essential elements at trial, and only once, on pretrial motion here, questioned Mr. Keck's status as a *bona fide* resident of Nevada. The trial court, however, ruled such decree was void. We therefore find it necessary to review those elements of a decree which must be established for the decree to be given full faith and credit pursuant to the United States Constitution, Article IV, Section 1.

■■ The first of the necessary elements is domicile. It is apparent Mr. Keck established proper domicile for the prosecution of divorce proceedings in Nevada. This was explicitly recognized by the Nevada court in the language of the divorce decree. Even if the Nevada decree had not explicitly recognized Mr. Keck's status as a domiciliary, the United States Supreme Court in *Williams v. North Carolina* (1945), 325 U.S. 226, requires foreign decrees be given a presumption of domicile. Since the question of the plaintiff's domicile was not attacked by the defendant at trial, either in Nevada or here, the presumption of domicile required by *Williams v. North Carolina, supra,* was never overcome. There was, therefore, no basis for the trial court to refuse full faith and credit to the Nevada divorce decree as to domicile.

■■ The second necessary element for the decree to establish, in order for it to merit full faith and credit, is jurisdiction. By the defendant's own admission, she was personally served with both a summons and a copy of the Nevada divorce complaint on December 5, 1968. Such service was pursuant to the Nevada "long arm" statute, Nevada Rules of Civil Pro-

cedure, Rule 4 (e) (2), and thereby brought the defendant under the jurisdiction of the Nevada court. This fact was also explicitly recognized by the Nevada court in its divorce decree. Our trial court, however, stated the Nevada decree was invalid because the Nevada court did not have jurisdiction over the defendant. The only basis for the trial court's conclusion appears to be the fact the plaintiff was enjoined from prosecuting the Nevada divorce proceedings in the order of the trial court dated December 23, 1968. Such an injunction cannot remove the jurisdiction of the Nevada court which arose on the date of service, December 5, 1968. Furthermore, the personal service on the defendant effectively served notice to her of the Nevada proceedings and gave her an opportunity to defend herself in such proceedings more than two weeks prior to her seeking the injunction. Such a method of service, to acquire jurisdiction, was certainly timely and afforded the defendant requisite due process as expressed by the Illinois Supreme Court in *People ex rel. Loeser v. Loeser* (1972), 51 Ill.2d 567. In *Loeser,* the court stated:

"The requisites of due process are satisfied if the manner of effecting service of summons gives reasonable assurance that notice will actually be given and the person against whom the action is brought is given reasonable time to appear and defend on the merits."

The defendant herein, rather than defending herself in the Nevada proceedings, procured the injunction which the trial court held removed her from the jurisdiction of the Nevada proceedings. This position, as expressed by the trial court, is not tenable in light of the *Loeser* decision since it is apparent the requisites of due process were satisfied when the Nevada court gained jurisdiction over her. We find no authority which leads us to believe the issuing of an injunction against further prosecution of the Nevada proceedings removed the defendant from the jurisdiction which the Nevada court had acquired. We therefore find no basis as to the element of jurisdiction for the trial court to refuse to grant full faith and credit to the Nevada decree. In its decree granting separate maintenance the court does not even mention the Nevada decree.

The final question which remains is whether the violation of the injunction by the plaintiff could have rendered the Nevada decree invalid or void and, if not, what is the effect of the violation of the injunction by the plaintiff.

■■ The law in Illinois is well settled that an injunction against the prosecution of an action in another state acts on the parties rather than on the court and, therefore, the court in which the enjoined action is

pending has the power to proceed with the litigation despite the injunction. (*Kleinschmidt v. Kleinschmidt* (1951), 343 Ill.App. 539.) In light of this well settled state of the law, it appears the instant decree is not therefore invalid or void.

The question remains, however, as to what is the effect of the plaintiff's violation of the injunction barring further prosecution of the Nevada divorce proceedings. The rule in Illinois is that an injunction must be obeyed while it remains in full force and effect, that is, until the injunction has been vacated or modified by the court which granted it, or until the order or decree awarding it has been set aside on appeal. (*East Side Health District v. Village of Caseyville* (1963), 38 Ill.App.2d 438.) The violation of a valid injunction which is in full force and effect constitutes a contempt of court and is punishable as such. (*People ex rel. Danville District Dental Society v. Spounias* (1959), 20 Ill.App.2d 184.) It appears to this court, therefore, the plaintiff's violation of the instant injunction constituted a contempt of court and could have been punished as such, rather than having been construed as a bar to full faith and credit for the Nevada divorce decree. We therefore find no basis for the trial court's failure to afford full faith and credit to the Nevada divorce decree.

Since it has been established the Nevada divorce decree should have been given full faith and credit, the plaintiff's next contention is the decree acts as a bar to the defendant's complaint for separate maintenance. The plaintiff bases this contention on the fact that since the Nevada decree dissolved the marriage, the defendant's complaint for separate maintenance necessarily fails.

We must accept the plaintiff's contention as valid. Recognition that the Nevada decree should be afforded full faith and credit does act as a bar to a complaint for separate maintenance because under the Illinois Separate Maintenance Statute (Ill. Rev. Stat. 1967, ch. 68, sec. 22), the right to order separate maintenance requires the parties then be married. Since the Nevada decree should have been afforded full faith and credit when presented to the trial court, no action for separate maintenance could thereafter follow, because the parties were no longer married.

We therefore reverse the decree of the trial court in the instant case and remand such case with instructions that the Nevada divorce decree be granted full faith and credit and the separate maintenance action be dismissed. We also instruct the trial court to take judicial notice of that part of the Nevada divorce decree which vests custody of the two children in the defendant and enter a child support order based on such decree. The plaintiff's complaint for divorce must be dismissed because he is already divorced by the Nevada decree.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed and remanded with directions.

Reversed and remanded with directions.

ADESKO, J., concurs.

Mr. JUSTICE BURMAN dissenting:

The principal issue is whether a Nevada divorce obtained by the appellant while his complaint for divorce was pending in the Circuit Court of Cook County was entitled to full faith and credit.

The record reveals that in December, 1967, James Keck, the plaintiff, filed a complaint for divorce in the Circuit Court of Cook County in which he alleged as grounds, mental cruelty and constructive desertion. Dolores Keck, the defendant, filed an answer to this complaint and a countercomplaint for separate maintenance in February, 1968. In October, 1968, while the case in the Circuit Court of Cook County was pending, the plaintiff went to Nevada and, shortly after arriving, commenced proceedings to obtain a divorce. Dolores Keck was personally served in Chicago with a summons and copy of the complaint from the Nevada court on December 5, 1968. On the defendant's motion, plaintiff was enjoined on December 23, 1968, from proceeding with his suit for divorce in Nevada. Nevertheless he obtained an *ex parte* decree for divorce in Nevada on December 27, 1968. Upon entry of the decree, the plaintiff returned to Chicago.

On June 27, 1969, the plaintiff presented to the Cook County Circuit Court a motion to dismiss the countercomplaint for separate maintenance together with a certified copy of the Nevada divorce decree, alleging that the marriage between the Kecks no longer existed by virtue of the Nevada decree. The defendant countered with a motion to strike the motion to dismiss, alleging that the plaintiff had never established a *bona fide* domicile in Nevada. Following a hearing, the motion to dismiss the countercomplaint was denied. At this time the court stated that it made no finding as to the validity of the Nevada decree.

Subsequently, the case was called for trial and testimony heard on several different occasions. After hearing the evidence, the court dismissed the plaintiff's complaint and granted the defendant separate maintenance on her countercomplaint. At this time the court expressed the opinion that the Nevada decree was invalid, but at plaintiff's instance admitted it into evidence.

I disagree with the majority's conclusion that there is no basis, in fact or in law, for the trial court's refusal to recognize the Nevada divorce decree and to give it full faith and credit.

The requirement that the courts of one state give full faith and credit

to judgments rendered in sister states is established by Article IV, Section 1, of the United States Constitution. It has long been recognized, however, that this requirement operates only when "the jurisdiction of the court in [the sister] state is not impeached, either as to the subject matter or the person." (*Thompson v. Whitman* (1873), 85 U.S. (18 Wall.) 457, 463.) In actions for divorce, jurisdiction of the subject matter is predicated upon domicile. (*Williams v. North Carolina* (1945), 325 U.S. 226, 229.) In *Ludwig v. Ludwig* (1952), 413 Ill. 44, 48, 107 N.E.2d 848, 851, the Illinois Supreme Court, after reviewing the principles underlying the recognition of foreign divorce decrees, concluded: "Thus the court, in determining whether full faith and credit should be given to the out-of-State divorce decree, may properly inquire into the *bona fide* character of the domicile of the party who secured that divorce." It is apparent therefore that the trial court in the present case had the right to inquire into the *bona fides* of the plaintiff's alleged domicile in Nevada and that its refusal to recognize the Nevada decree is error only if the record does not support the conclusion that the plaintiff was not a *bona fide* domiciliary of that state.

By the testimony of the plaintiff himself it was established that he had only resided in Nevada for approximately two months and that he had returned to Chicago immediately upon obtaining a divorce decree. Upon his return he took up residence in the same apartment in which he had lived prior to leaving and for which he had continued to pay rent during his absence. He had not quit his job with the Safeco Insurance Company prior to leaving, but had arranged a leave of absence, and upon his return, resumed his employment there. During his stay in Nevada he retained his Illinois driver's license and bank accounts. He contacted a lawyer about a divorce one or two days after arriving in Nevada.

The foregoing clearly supports the conclusion that the plaintiff went to Nevada for the sole purpose of obtaining a divorce and that he intended all along to return to Illinois. Such an intention would have precluded his acquiring a domicile in Nevada. (See *Williams v. North Carolina* (1945), 325 U.S. 226; *Ludwig v. Ludwig* (1952), 413 Ill. 44, 107 N.E.2d 848; *Atkins v. Atkins* (1946), 393 Ill. 202, 65 N.E.2d 801.) I am convinced therefore that there is an adequate basis, both in law and in fact, for the trial court's conclusion that the Nevada decree was invalid and that his refusal to accord to it full faith and credit was not error.

Having concluded that the trial court properly refused to recognize the Nevada divorce decree, it is necessary to consider briefly whether it was correct in dismissing the plaintiff's complaint and awarding the defendant separate maintenance.

Section 1 of the Divorce Act, Illinois Revised Statutes, Chapter 40, was amended in July, 1967, to include extreme and repeated mental cruelty as a ground for divorce in Illinois. Prior to July, 1967, this ground had not existed. In *Honey v. Honey* (1970), 120 Ill.App.2d 102, 104, 256 N.E.2d 121, 122, it was held that the amendment to Section 1 was not intended to have a retroactive effect, and consequently that only acts of mental cruelty occurring after July, 1967, could form a basis for divorce in Illinois. In the present case, the testimony established, and the plaintiff admitted, that the acts which constituted the alleged mental cruelty occurred prior to 1967. The trial court was correct therefore in concluding that the acts alleged could not constitute grounds for divorce and in dismissing the complaint.

In addition to extreme and repeated mental cruelty, the plaintiff alleged constructive desertion, charging that the defendant had denied him sexual intercourse for a number of years. The plaintiff's testimony in this regard was denied by the defendant, and after hearing all of the testimony, the trial court concluded that, inasmuch as the plaintiff's testimony was not corroborated, he had not established the right to a divorce on the ground of constructive desertion. I am satisfied that the record supports this conclusion. Even if the trial court had found a denial of sexual intercourse, it is well established that, in Illinois, such denial, in and of itself does not constitute constructive desertion. *Fritz v. Fritz* (1899), 138 Ill. 436, 28 N.E. 1058.

The plaintiff urges that there was insufficient evidence upon which to base a decree for separate maintenance. He argues first that there was no proof that the parties were married, second that there was no proof that their separation was without the fault of the defendant and third that the court's finding that the defendant was not entitled to alimony precluded a finding that she was entitled to separate maintenance. The first point is evidently based upon the plaintiff's belief that the court improperly refused to recognize the Nevada divorce decree. As I believe that the court's finding with respect to the Nevada decree was proper, I need not consider this contention further. I note, however, that in his complaint plaintiff admitted that the parties were married in Cicero, Illinois, on September 4, 1948. With respect to the second point, I have examined the record carefully and conclude that the court's finding was based upon substantial evidence. As to the third point, the court merely held that the defendant is not entitled to alimony at the present time. There is no merit in this third contention.

For the foregoing reasons, I would affirm the decree *in toto.*