(No. 44520.—

PEOPLE *ex rel.* JULIUS LOESER, Appellee, v. JILL S. LOESER *et al.*, Appellants.

*Opinion filed May 22, 1972.—Rehearing denied June 15, 1972.*

ARTHUR MORSE, JOSEPH WINSLOW BAER, of DAVIS, JONES & BAER, and LONCHAR & NORDIGAN, all of Chicago (SIDNEY Z. KARASIK, of counsel), for appellants.

WASNESKI, YASTROW, KUSESKI & FLANIGAN, of Waukegan, and ROSENFELD, WOLFE & FREY, of Terre Haute (SHELBY YASTROW, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondents, Jill Loeser, Leonard R. Scheyer and Gladys Scheyer, appeal from the judgment of the circuit court of Lake County awarding a writ of *habeas corpus* which directed that Jeffrey, the three-year-old son of Jill Loeser and petitioner, Julius Loeser, be placed in the custody of the petitioner.

The record shows that petitioner, Julius Loeser, and the respondent Jill Loeser were married in Chicago in 1965 and throughout the period of their marriage resided in Terre Haute, Indiana. The respondents Leonard R. Scheyer and Gladys Scheyer, residents of Lake County, are the parents of respondent Jill Loeser. Jeffrey was born in January 1968.

The Loesers' marriage was beset with difficulties and in the early part of 1971 appeared to be in danger of termination. Because of the tensions in their home they agreed that it would be advisable that Jeffrey visit with his maternal grandparents while they sought a solution to their problems and on March 26, 1971, petitioner brought Jeffrey to the home of the respondents Scheyer, in Highland Park. Petitioner alleges that it was agreed between the parties that Jeffrey would be returned to Terre Haute in three weeks but the respondents dispute the allegation. On March 30, 1971, apparently without notice to petitioner, respondent Jill Loeser departed Terre Haute and moved to her parents' home in Highland Park. It is not clear from the record whether she intended the removal to Illinois to be temporary or permanent.

On April 19, 1971, petitioner filed suit for divorce in Vigo County, Indiana. Service of process was effected by

means of the Indiana "long arm" statute. On June 21, 1971, the divorce action was heard and a decree rendered and entered which *inter alia* found that petitioner was a fit person to have custody of Jeffrey and awarded him custody of the child. The decree shows that the respondents did not appear in the divorce action, and it was heard as a default matter.

The petition for *habeas corpus* was filed in the circuit court of Lake County on June 28, 1971, and the judgment from which the respondents appeal was entered on July 8, 1971.

Respondents contend that "irrespective of the Indiana decree awarding custody to the father, the Illinois circuit court had both the responsibility and the power to conduct an evidentiary hearing to determine the best interests and welfare of the child, and it was error not to have done so." They argue that since the Indiana court heard no testimony relevant to petitioner's fitness to have custody of the child, the court should have considered the issue *de novo* for the purpose of determining whether there were circumstances not known to the Indiana court or changes in circumstances which would affect the best interests of the child. Further, they argue that because Jeffrey, at the time when the Indiana decree was entered, was not in Indiana but was in fact in the custody of his maternal grandparents, the respondents Scheyer, who were not parties to the Indiana proceeding and not subject to the jurisdiction of the Indiana court, an evidentiary hearing was required. They also contend that the trial court denied respondents' repeated requests for reasonable time in which to file responsive pleadings so "that issues could be framed prior to a meaningful hearing on the petition for *habeas corpus.*"

In *People ex rel. Bukovich v. Bukovich, 39 Ill.2d 76,* we said at page 79: "The courts of Illinois have both the responsibility and the power to inquire into the right to custody and concomitant best interests of a child within

the jurisdiction where the passage of time since a prior custody determination of a sister State makes it possible that the circumstances pertaining to the fitness of the parties seeking to be awarded custody of the minor may have substantially changed." The decision as to whether the power should be exercised here is dependent upon considerations hereinafter discussed.

The record shows that respondent Jill Loeser had ample opportunity to defend the action in Indiana. In colloquy in the trial court and in respondents' brief it is admitted that she received a summons and a copy of the complaint. The record shows that notice of the hearing date of the Indiana divorce proceeding was served on Illinois counsel representing respondent Jill Loeser and that an Indiana attorney appeared at the hearing and upon interrogation advised the court that he had been retained by her Illinois counsel "to consult with him," that he had been advised by her Illinois counsel that no one would appear for her and that he was there as an "observer."

Under Indiana law the provision of the decree awarding custody of Jeffrey to the petitioner was *res judicata* and in order to justify a change of custody there must have been a change in conditions of such character as to make the change of custody necessary for the welfare and happiness of the child. *(Brickley v. Brickley (1965), 247 Ind. 201, 210 N.E.2d 850.)* It is true that the Indiana court did not hear testimony specifically directed toward the question of petitioner's fitness to have custody of the child. We note, however, that although his fitness to have custody was not made an issue in the case, there is nevertheless, sufficient testimony to support the court's finding.

With respect to respondents' contention that they should have been given time to file responsive pleadings, the record fails to reflect what issues would have been "framed" for determination in a "meaningful hearing," and upon the record before us we hold that the circuit

court did not err in awarding the writ without an evidentiary hearing.

Respondents contend next that the Indiana decree is invalid for the reason that the statute and rules under which service of process was effected are in derogation of Illinois law and offend due process in that they do not require "restricted mail delivery." Rule 4.1 of the Indiana Rules of Trial Procedure provides for service of process by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter." Rule 4.4 provides:

"(A) *Acts serving as a basis for jurisdiction.* Any person \*\*\* that is a nonresident of this state, a resident of this state who has left the state, \*\*\* submits to the jurisdiction of the courts of this state as to any action arising from the following acts \*\*\*:

\*\*\*

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state. \*\*\*

(B) *Manner of service.* A person subject to the jurisdiction of the courts of this state under this rule may be served with summons:

(1) As provided by Rules 4.1 \*\*\*."

Trial Rule 4.11 provides:

"Whenever service by registered certified mail or other public means by which a return receipt may be requested is authorized, the clerk of the court \*\*\* shall send the summons and complaint to the person being served at the address supplied upon the summons, or furnished by the person seeking service. In his return the clerk of the court \*\*\* shall show the date and place of mailing, a copy of the return receipt if and when received by him showing whether the mailing was accepted or returned, and, if accepted, by whom. The return along with the receipt shall be promptly filed by the clerk with the pleadings and

become part of the record. If a mailing by the clerk of the court is returned without acceptance, the clerk shall reissue the summons and complaint for service as requested, by the person seeking service."

The requisites of due process are satisfied if the manner of effecting service of summons gives reasonable assurance that notice will actually be given and the person against whom the action is brought is given reasonable time to appear and defend on the merits. *(McGee v. International Life Insurance Co., 355 U.S. 220, 2 L.Ed.2d 223, 78 S.Ct. 199; International Shoe Co. v. Washington, 326 U.S. 310, 90 L.Ed.95, 66 S.Ct. 154.)* Service as effected under the Indiana statute and rules meets this test, and due process does not require precise compliance with the allegedly more stringent requirements of the Illinois statute and the rules of this court.

We find no basis for reversal and the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*