OLIN CORPORATION, Plaintiff-Appellant, *v.* WILLIAM M. BOWLING, Director of Labor, *et al.*, Defendants-Appellees.

Fifth District  No. 80-83

Opinion filed April 8, 1981.

Dorothy Kelley, of East Alton, and Ronald K. Fisher and Michael E. Kaemmerer, both of Harris, Dowell, Fisher, McCarthy & Kaemmerer, of Chesterfield, Missouri, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Robert G. Epsteen, Special Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE WELCH delivered the opinion of the court:

This case presents another aspect of the multi-faceted litigation which has arisen from the strike at the East Alton Plant of the Olin Corporation in late 1977 and early 1978. Most of the proceedings involving the strikers' eligibility for unemployment compensation have been detailed in this court's opinion in *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 420 N.E.2d 1043, and only those portions relevant to the issue in this appeal need to be discussed here.

On November 1, 1978, Olin brought an action in the Circuit Court of Madison County to review a decision of defendant, Bowling, Director of the Illinois Department of Labor. That decision decided that some of 3,801 Olin employees who claimed entitlement to unemployment compensation during that strike were eligible for those benefits. Originally, Olin intended to serve only the unions to which the claimants belong. However, the trial court determined that the individual claimants must be served, and Olin so amended its complaint to conform to that determination.

In October of 1979, Olin moved to amend service of process in this case to allow the clerk of the Circuit Court of Madison County to issue summonses to the defendants by certified rather than by registered mail. A hearing was held on this motion on December 14, 1979, following which

the motion was denied. Permission to take an interlocutory appeal was granted by the trial court and by this court. The question certified by the trial court for this appeal is "whether or not·summons by certified mail would constitute proper process" in this case.

Olin argues that the extra features offered by registered mail do not make it more reliable than certified mail, and do not justify the substantial additional cost which would be required here. We take judicial notice that, under current postal rates, a registered letter costs $3.30 to send while a certified letter costs $.75. This is in addition to the return receipt and first class postage at $.60 and $.18 respectively, required in either type of delivery. Registered mail is thus $2.55 more expensive than certified mail, per letter, or a difference of $9,692.55 for service to 3,801 claimants.

It is claimed that there are only two differences between registered and certified mail. First, only registered mail may be insured, and the minimum fee for registered mail automatically includes $100 of insurance. Second, registered mail "incorporates a system of receipts to monitor the mail's movement from the point of acceptance to delivery," (U.S. Postal Service, Domestic Mail Manual par. 911.11 (1979)), while certified mail is handled as ordinary mail. (U.S. Postal Service, Domestic Mail Manual pars. 911, 912; Ill. Ann. Stat., ch. 110A, par. 105, Historical and Practice Notes, at 51 (Smith-Hurd Supp. 1980-1981).

■■ Olin urges that the trial court abused its discretion in denying its proposed amendment, or that the Administrative Review Act contemplated the use of certified mail in this sort of case. Defendant Bowling responds by directing our attention to the service of process section of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 269), which states in part:

> "Summons issued in any action to review the final administrative decision of any administrative agency shall be served by registered mail on the administrative agency and on each of the other defendants * * * addressed to the last known place of residence or principal place of business of each such defendant[s]."

Although not mentioned by the parties to this appeal, Supreme Court Rule 291 (Ill. Rev. Stat. 1979, ch. 110A, par. 291) refers to service by registered mail in proceedings under the Administrative Review Act. It provides in subsection (b):

> "The [circuit court] clerk shall promptly serve each defendant by mailing a copy of the summons by registered mail as provided in the Administrative Review Act. Not later than 5 days after the mailing of copies of the summons, the clerk shall file a certificate showing that he served the defendants by registered mail pursuant to the provisions of the Adminstrative Review Act."

These two provisions have only rarely been interpreted by the courts of this State. In *dicta*, this court has noted that the legislature

"\* \* \* did, however, provide in [Ill. Rev. Stat. 1979, ch. 110, par. 269] a simplified and less expensive means of service of summons through the use of registered mail. From this it may properly be inferred that the legislature was aware of the inconvenience and expense of making numerous parties defendants on review and thus permitted a simplified method of bringing them before the Circuit Court. Having thus considered the problem of service of summons on necessary parties on review, and adopted a variation from the usual procedure, the legislature has negatived any such departure from the ordinary rules as that contended for by appellant." (*Babington v. County Board of School Trustees* (1955), 7 Ill. App. 2d 193, 195, 196, 129 N.E.2d 291, 292.)

The plaintiff in *Babington* sought administrative review of a decision to detach certain property from a school district. Instead of joining as defendants all affected landowners, the plaintiff proposed to join only the school districts involved and the County Board of School Trustees. It was this modification which was disapproved by the appellate court. Nonetheless, *Babington* states that section 6 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 269), is a departure from the requirement of personal service, and deviations from the terms of that statute are disfavored.

■■ We realize that case and statutory authority points to the conclusion that registered mail is required in proceedings under the Administrative Review Act. Thus, it cannot be said that the trial court abused its discretion in denying the proposed amendment. But, Olin further argues that the term "registered mail" in the relevant statute and rule should be construed to include certified mail, as it is suggested that the laws were enacted before certified mail was introduced. This construction would be strained, as both provisions are to be narrowly construed (*Babington; Bell Federal Savings and Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 376 N.E.2d 1029), and because the reference to "registered mail" only has been retained in this statute and rule while other provisions have been amended to include service by registered and certified mail. See Ill. Rev. Stat. 1979, ch. 110A, pars. 105, 284.

■■ Nonetheless, we agree with Olin that to require service by registered mail would work an injustice in this case, when certified mail is available. Compelling a plaintiff who seeks administrative review of a decision involving thousands of defendants to pay an additional $2.55 per defendant so that each summons may be insured for $100, and so that the path of the letters may be traced through the post office is not conducive to judicial economy. When a return receipt is requested, certified mail

becomes "the functional equivalent of registered mail for court purposes" (Ill. Ann. Stat., ch. 110A, ch. 105, Historical and Practice Note, at 51 (Smith-Hurd Supp. 1980-1981)), especially when that mail need only be sent to "the last known place of residence or principal place of business of each such defendant." Ill. Rev. Stat. 1979, ch. 110, par. 269.

■ In this age of rapidly rising postal rates (registered mail, return receipts, and first class postage have all increased in price during the pendency of this appeal), it should be the duty of the courts to make access to the courts less expensive where this can be done without relaxing the due-process requirement of adequate notice. The use of certified mail instead of registered mail would not deny the defendants in this case the process to which they are constitutionally entitled. *Dobrowolski v. LaPorte* (1976), 38 Ill. App. 3d 492, 348 N.E.2d 237; *People ex rel. Loeser v. Loeser* (1972), 51 Ill. 2d 567, 283 N.E.2d 884, *cert. denied* (1972), 409 U.S. 1007, 34 L. Ed. 2d 299, 93 S. Ct. 436.

Consequently, exercising the discretion vested in this court by Supreme Court Rules 362(f) and 366(a)(i) as well as by section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110A, pars. 362(f) and 366(a)(i); ch. 110, par. 46(1)), we hereby grant Olin's motion to amend service of process by allowing notice to be mailed to all defendants in this case by certified mail, return receipt requested. By granting this motion, we are not holding that the trial court abused its discretion in failing to grant the motion, or that the term "registered mail" in section 6 of the Administrative Review Act and Supreme Court Rule 291 is to be construed as meaning "registered or certified mail."

We reverse the order of the Circuit Court of Madison County denying plaintiff's motion to amend service of process, and we remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

JONES and KARNS, JJ., concur.