NORMAN BULTMAN *et al.*, Plaintiffs-Appellants, *v.* MELVIN BISHOP *et al.*, Defendants-Appellees—(Emert Wyss, Jr., Plaintiff-Appellant, *v.* Melvin Bishop *et al.*, Defendants-Appellees).

Fifth District   No. 5—83—0189

Opinion filed November 22, 1983.—Rehearing denied January 13, 1984.

Joseph R. Brown, Jr., of Mudge, Riley and Lucco, of Edwardsville, for appellants.

Irving M. Wiseman, of Wiseman, Shaikewitz, McGiver and Wahl, P.C., of Alton, for appellee Irving M. Wiseman.

Pope and Driemeyer, of Belleville (Thomas F. Hennessey III, of counsel), for appellee Melvin Bishop.

JUSTICE KARNS delivered the opinion of the court:

Appellants, purchasers of securities, appeal from the March 10, 1983, judgment of the circuit court of Madison County granting the sellers motions for summary judgment after appellants sought to avoid the sale of securities as provided in the Illinois Securities Law of 1953. Ill. Rev. Stat. 1979, ch. 121½, par. 137.13.

In 1978, appellant Bultman and others purchased $80,000 worth of shares and debentures in Action Commodities, Inc., a brokerage firm incorporated in Missouri. Appellees Bishop, Laughlin and Wiseman were officers and directors of Action Commodities, Inc. Despite their rosy forecasts, by the spring of 1980 the corporation was apparently insolvent. In response to the investors' inquiry of May 21, 1980, the Illinois Secretary of State informed the investors that the securities had not been registered and no reports of sales had been filed as the Illinois Securities Law required.

The investors sought to rescind the sale as permitted by the Illinois Securities Law of 1953, which provides:

"A. Every sale of a security made in violation of the provisions of this Act shall be voidable at the election of the purchaser ***; and upon tender to the seller or into court of the securities sold *** each *** officer [of the issuing corporation] *** who shall have participated or aided in making such sale, shall be jointly and severally liable to such purchasers for *** the full amount paid ***.

B. Notice of any election provided for in subsection A *** shall be given by the purchaser, within 6 months after the purchaser shall have knowledge that the sale *** is voidable, to each person from whom recovery will be sought, by registered

letter addressed to the person to be notified at his last known address with proper postage affixed, or by personal service." Ill. Rev. Stat. 1981, ch. 121½, pars. 137.13(A), (B).

Seeking to avoid the sales of the securities in violation of the Securities Law, each purchaser sent to each corporate officer by certified mail with return receipt requested, a "Notice of Election to Avoid Sale of Securities and Tender of Securities." The notice stated that the purchaser "does hereby tender to you and each of you *** the securities and debentures sold as described above and as described in copies of the certificates and debentures ***." Copies of the certificates and debentures were enclosed with each notice. Each purchaser demanded, "upon his tender," the purchase price and other sums allowed by the statute. Bishop, Laughlin and Wiseman received all the mailed materials as evidence by the signed receipts for the certified letters.

On May 11, 1981, appellants filed a complaint alleging various violations of Illinois Securities Law by Bishop, Laughlin and Wiseman. The complaint further alleged that within six months of learning the sales to them were voidable, the appellants had given "proper notice of their election to void the sales *** and tendered to the defendants the securities sold." The sellers were said to have "refused to repurchase the securities as required in Section 13 of the Illinois Securities Law." Bishop admitted that he had refused to repurchase the certificates, Laughlin demanded strict proof on that issue, and Wiseman denied refusing to repurchase.

Acting individually, the appellees filed motions for summary judgment or dismissal, arguing that the court had no jurisdiction because of the investors' failure to send notice by registered letter and to tender the originals of the certificates and debentures. The court consolidated the appellees' causes and took the case under advisement. In the investors' memorandum opposing the motion for summary judgment, they informed the court that they "have at all times been ready, willing, and able to deliver the documents evidencing their transfer of interest back to the defendant; and they are ready, willing and able to do so now." The court based its grant of summary judgment upon a strict construction of the statutory requirements that notice be sent by registered letter and a finding that the enclosure of photostatic copies of the securities did not constitute a tender of the securities as required by the statute.

We must decide whether the trial court was correct in granting summary judgment to the sellers on the grounds that the investors had failed to comply with the statutory requirements of notice and

tender. We find that summary judgment was improper for two reasons: (1) there was a genuine issue of material fact as to whether the appellants had failed to satisfy the requirement of tender, and (2) the use of certified mail, return receipt requested was the functional equivalent of the "registered letter" required by the statute.

The summary judgment proceeding is not designed to try an issue of fact but rather to determine whether there is an issue of fact to be tried. (*Graham v. Evischi* (1977), 50 Ill. App. 3d 268, 365 N.E.2d 162; *Fishel v. Givens* (1977), 47 Ill. App. 3d 512, 362 N.E.2d 97.) As a general rule this determination is based on the pleadings, depositions, affidavits and admissions filed in the case. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005.) However, the record may also include memoranda. (*Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 360 N.E.2d 440.) If the parties offer documents in support and opposition to the motion, the trial court should construe documents in support of the motion strictly and those in opposition liberally. (*Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293.) The moving party must show that his right to summary judgment is free from doubt and determinable solely as a matter of law. (*Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 343 N.E.2d 544.) Should the examination of the record as a whole reveal a genuine issue of material fact, the motion for summary judgment should be denied. *Saghin v. Romash* (1970), 122 Ill. App. 2d 473, 258 N.E.2d 581.

In the present case, the record before the trial court included separate motions for summary judgment by each appellee and their supporting memoranda requested by the court. There were no supporting affidavits. Attached to the motions were copies of the notices of election to rescind and copies of certified mail receipts indicating that the appellees had received the notices. The appellees' memoranda characterized the complaint as "fatally" and "verily" defective for its failure to allege the use of registered mail and tender of the original securities to the appellees. Neither the motion nor the memoranda considered the question of a timely tender of the securities to the sellers in court or to the court itself.

The investors' answer to the motion for summary judgment denied noncompliance with the statute, specifically denying failure "to tender the securities in a proper manner." In their memorandum opposing the motion, the investors raised the issue of the time during which tender must be made. They correctly noted that the statute establishes no time limit on tender as it does on notice. Their memorandum then asserted as fact the continuous ability of the investors to

deliver the actual certificates and their willingness "to do so now."

■■ ■ The basic purpose of the tender requirement is to establish the ability of the investor to exchange his securities for his purchase price. (*Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 210, 323 N.E.2d 30, 35.) Tender must be made of the identical shares purchased (*Puntenney v. Mantle* (1924), 234 Ill. App. 137), and all shares purchased (*Glen v. Dodson* (1932), 347 Ill. 473, 180 N.E. 393). Tender may be made to the sellers before trial (*Gowdy v. Richter* (1974), 20 Ill. App. 3d 514, 314 N.E.2d 549) or at trial (*Morrison v. Farmers Elevator Co.* (1925), 319 Ill. 372, 150 N.E. 330; *Weisbrod v. Lowitz* (1935), 282 Ill. App. 252). Once made, it must be held open up to the time of judgment. (*Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 323 N.E.2d 30.) Of course, the tender need not be made to the seller at all but may be made directly to the court. Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(A).

■■ Read strictly, the sellers' pleadings object to the inadequacy of the offer of photostatic copies but are mute as to the alternate forms of tender permitted by statute. Viewed more generously, the investors' pleadings present a question of timely tender of the actual securities to the court or tender to the defendants at trial. The trial court was correct in finding the offer of photostatic copies inadequate to satisfy the statute, but the time for tender was not yet past. The question of tender during trial or directly to the court raised by the investors was both unresolved and material to the central issue of compliance with the statute. Until it was determined that the investors had failed to tender the actual securities to the court or to the sellers during trial, the grant of summary judgment for failure to comply with the statutory requirements was premature.

■■ Sellers of securities have no liability under section 13 until they have received notice of the buyers' intention to avoid the sale. The requirement that such notice come within six months of the buyer's knowledge that the sale is voidable protects the seller from stale claims (*Martin v. Orvis Brothers & Co.* (1974), 25 Ill. App. 3d 238, 323 N.E.2d 73) and limits his period of liability (Ill. Ann. Stat., ch. 121½, par. 137.13, Comments and Notes on the Securities Law of 1953, at 630 (Smith-Hurd 1960)). We agree with the reasonable approach taken in *People ex rel. Head v. Board of Education* (1981), 95 Ill. App. 3d 78, 419 N.E.2d 505, which declared that the form of mailing notice is not decisive where certified mail will serve the purpose of registered mail. (See *Olin Corp. v. Bowling* (1981), 95 Ill. App. 3d 1113, 420 N.E.2d 1047.) We have previously found that a form of notice which varies from that dictated by section 13 but which has not

been prejudicial to the sellers will satisfy the statutory requirement. (*Norville v. Alton Bigtop Restaurant, Inc.* (1974), 22 Ill. App. 3d 273, 317 N.E.2d 384.) We apply the same principle in this case. When, as here, the sellers have received actual timely notice of the buyers' election to avoid and have witnessed receipt of that notice by signing the return receipt for certified mail, they have received the full measure of the protection intended by the statute.

For the foregoing reasons, we reverse the judgment of the circuit court of Madison County and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

JONES and KASSERMAN, JJ., concur.