VIVIAN BURTON, Indiv. and as Grandmother of Evelyn Strickland, *et al.*, Minors, *et al.*, Plaintiffs-Appellees, v. AUTUMN GRAIN TRANSPORT, INC., Defendant (Gaylon Nagle, Defendant-Appellant).

First District (2nd Division)   Nos. 1—90—0006, 1—90—0413 cons.

Opinion filed December 3, 1991.—Rehearing denied December 30, 1991.

HARTMAN, J., concurring in part and dissenting in part.

Herbert P. Carlson and Timothy J. Lowery, both of Iversen, Carlson & Associates, of Chicago, for appellant.

Jason B. Rosenthal and Mark L. Fromm, both of Richard L. Kumlin, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Plaintiffs Vivian Burton's and Ethel Regulus' complaint against defendants Gaylon Nagle and Autumn Grain Transport charged that they negligently caused the plaintiffs personal injuries and property damage as the result of an automobile accident. On November 20, 1989, the circuit court denied Nagle's motion to quash service of process over him, overruling his argument that because the plaintiffs did not file with the clerk of the circuit court an affidavit that they had complied with statutory service requirements, the court had no basis for determining whether he had been properly served, and also that service was defective because plaintiffs mailed the summons to him by certified mail, as opposed to registered mail. On December 26, 1989, the court granted plaintiffs' motion to hold Nagle in default, overruling his contention that because service was defective, the court had no jurisdiction to enter such an order. On December 27, 1989, Nagle filed an appeal from those orders. On January 12, 1990, the circuit court entered a default judgment against Nagle for $25,300, which he claims, on appeal, was improper because service was defective and because his appeal from the prior orders was pending at the time judgment was entered, and that, therefore, the court had no jurisdiction to enter that judgment. Even if the court had jurisdiction, Nagle argues, plaintiffs failed to notify him of certain motions they filed and of a trial court order, which is itself not at issue in this appeal.

■ We first consider our jurisdiction to review the trial court's orders of November 20, 1989, and December 26, 1989. An order denying a defendant's motion to quash service of summons is neither a final judgment nor an appealable interlocutory order. (*People ex rel. Department of Mental Health v. Brown* (1968), 96 Ill. App. 2d 355; *Thomas v. Ritholz* (1941), 310 Ill. App. 166, 167-68.) Furthermore, "[a]n order of default does not dispose of the merits of the case and determine the rights of the parties. It is not, therefore, a final judgment" (*Kazubowski v. Kazubowski* (1971), 48 Ill. 2d 401, 402), and is not an interlocutory order appealable as of right under Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)). Accordingly, Nagle's appeal from those orders is dismissed.

■ He does, however, properly appeal from the January 12, 1990, default judgment. (See *Braglia v. Cephus* (1986), 146 Ill. App. 3d 241, 244; *Barrow v. Robinson* (1961), 28 Ill. App. 2d 358, 361.) Section 10—301 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 10—301(b)) provides that service of process in an action against a nonresident of Illinois growing out of his operation of a vehicle on our highways, resulting in damage or loss to person or property, may be had if notice of the filing of a copy of such service in the office of the Secretary of State and a copy of the process are "sent by registered mail by the plaintiff to the defendant, at the last known address of the defendant, and the plaintiff's affidavit of compliance [with the statute] is appended to the summons."

■ Nagle claims that a copy of plaintiff's counsel's affidavit of compliance was not filed with the clerk, and that, therefore, the trial court had no basis for determining whether the plaintiffs had complied with section 10—301. The plaintiffs respond that the record shows that the trial judge had before him a copy of the affidavit. We agree with plaintiffs; the record shows that the trial court had a copy of the affidavit in its possession and was thereby able to determine whether plaintiffs had complied with the requirements of section 10—301.

We do not agree, however, with the trial court's finding that these requirements had been met. Plaintiffs concede that they sent the summons to Nagle by certified mail. They maintain, however, that their failure to comply with the requirements of the statute should be excused because paragraph 911.1.14(b) of the United States Post Office Domestic Manual (Manual) prohibits the sending of registered mail to a post office box, and that because a post office box was Nagle's last known address, service through certified mail was proper, especially since Nagle was actually aware of the suit against him.

Plaintiffs' argument is groundless. The postal regulation they cite states that "Mail will not be registered if: *** Addressed to post offices to which it cannot be transported with safety." There is nothing in the record of this case which would suggest that the summons could not be transported safely by registered mail to the post office in Delavan, Minnesota, to which it was addressed. In addition, when registered mail is held by the post office, as is the case when it is sent to a post office box, the box holder receives a notice in his box and is required to sign for the mail upon claiming it from

postal employees. (See paragraphs 911.41 and 911.42 of the Manual.)

Plaintiffs' reliance on *Olin Corp. v. Bowling* (1981), 95 Ill. App. 3d 1113, is unwarranted. The court in *Olin* held that plaintiffs who were required by section 6 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 269) to serve 3,801 defendants by registered mail could instead serve them "by certified mail, return receipt requested," noting a difference in costs to the plaintiffs of $9,692.55, finding that certified mail with return receipt requested was " 'the functional equivalent of registered mail for court purposes' [citation], especially when that mail need only be sent to 'the last known place of residence *** of each such defendant' [citation]," and citing the interests of "[ l]justice *** [and] judicial economy." (95 Ill. App. 3d at 1115-17.) There is no claim that any extraordinary burden was placed on the plaintiffs in the case at bar or that any return receipt was ever requested by them. We therefore decline to extend the holding in *Olin* to read into section 10—301 of the Code that which it does not hold.

Directly on point, however, is the case of *Johnson v. Burken* (7th Cir. 1991), 930 F.2d 1202. In *Johnson*, an absentee motorist defendant was served by certified mail, return receipt requested, rather than by registered mail as required by section 10—301 of the Code. Although the Secretary of State was "duly served" (930 F.2d at 1204), the defendant "did not receive his copy, having failed to leave a forwarding address." (930 F.2d at 1204.) The court held:

> "In *Olin Corp. v. Bowling*, 95 Ill. App. 3d 1113, *** (1981), the Illinois Appellate Court allowed the plaintiff in a class action to use certified mail to serve the 3,801 members of the defendant class in order to save the plaintiff the added cost of registered mail ***. But however elastic the statute may be to interpretation, it cannot be stretched to embrace a garden-variety case of attorney error, which is all that is involved in this case. For then we would simply have substituted 'certified' for 'registered' mail in the statute, since every rational plaintiff's lawyer would use the cheaper and less certain form of mailing if he were permitted to do so. We are not devotees of literal interpretation; but only a court with a power of statutory revision could equate 'certified mail' to 'registered mail' in a case in which (unlike *Olin Corp.*) there was no possible argument that the legislature had failed to anticipate a situation in which literal compliance

with the statute would be unduly, perhaps senselessly, burdensome." *Johnson,* 930 F.2d at 1206-07.

*Bultman v. Bishop* (1984), 120 Ill. App. 3d 138, cited in the dissent in this case, like *Olin,* is distinguishable. In *Bultman,* suit was brought by the purchasers of certain securities to void their sale on the ground that they had not been registered and no report of the sale had been filed as required by the Illinois Securities Law, which made such a sale voidable at the election of the purchaser upon his giving notice "by registered letter." In holding that "the use of certified mail, *return receipt requested* was the functional equivalent of the 'registered letter' required by the statute" (120 Ill. App. 3d at 142), the court took particular note, more than once, of the fact that the defendants "received all the mailed materials as evidenced by the signed receipts for the certified letters," citing *Olin.* (Emphasis added.) (*Bultman,* 120 Ill. App. 3d at 141.) *In personam* jurisdiction was not in any way involved in *Bultman*; moreover, there is no evidence in the case at bar of signed receipts for the certified mail. Indeed, the record is clear that plaintiffs mailed the summons to Nagle simply by certified mail, without a return receipt being requested, and the record also shows that the mail was returned to them undelivered.

*Stratton v. Wenona Community Unit District No. 1* (1990), 133 Ill. 2d 413, another case relied upon by the dissent, is also inapposite to the case at bar, for there, a letter required by the School Code to be sent to the plaintiffs by "registered or certified mail" was instead delivered by hand. It bears repeating that in the case *sub judice* the record unequivocally reflects that plaintiffs' notice to defendant was returned to them undelivered, and, as in *Bultman, in personam* jurisdiction was not the issue in *Stratton.*

In citing *People ex rel. Loeser v. Loeser* (1972), 51 Ill. 2d 567, the dissent overlooks that there the wife in a divorce proceeding brought by her husband in Indiana while she was residing in Illinois was held to be properly before the Indiana court in the divorce case inasmuch as she had been served pursuant to the Indiana "long arm" statute, which provided for service on an absentee defendant by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter." (*Loeser,* 51 Ill. 2d at 571.) The Illinois Supreme Court held that since the wife had been served as required by the *Indiana* statute, "due process does not require

precise compliance with the allegedly more stringent requirements of the Illinois statute and the rules of this court," in the Illinois *habeas corpus* proceeding involving a child custody dispute between the parties. (*Loeser*, 51 Ill. 2d at 572.) We face no such conflict of laws problem in the instant case; accordingly, we are not required to choose the method of one jurisdiction over another regarding the proper method of serving process on absentee defendants. In *Loeser* there was no issue as to whether the Illinois resident had been served in the divorce action in accordance with *Indiana* law, the law adjudged by our State supreme court to have been the proper one to follow.

It is particularly worthy of note that our General Assembly demonstrates itself to be singularly cognizant of the difference between certified and registered mail and is quite capable of employing either or both wherever, in its best judgment, those terms are deemed necessary to be specified. We already know that registered mail is indicated in section 10—301 of the Code. Yet in section 24—11 of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 24—11), for example, the General Assembly requires school boards, in extending the probationary period of teachers, to serve them notice thereof by "certified mail, return receipt requested."

Still yet, in section 10—22.6 of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 10—22.6), school boards, in expelling pupils, are required to request parents to appear at a meeting with the board, and such request is to be "made by registered *or* certified mail." (Emphasis added.) Other examples abound in our statutes; all of which goes to show that if the legislature had wanted service under section 10—301 of the Code to be effected by certified mail it would not specify, as it does, that process must be achieved by registered mail. We agree with the Seventh Circuit's observation that "only a court with a power of statutory revision could equate 'certified mail' to 'registered mail' in a case in which (unlike *Olin Corp.*) there was no possible argument that the legislature had failed to anticipate a situation in which literal compliance with the statute would be unduly, perhaps senselessly, burdensome." *Johnson*, 930 F.2d at 1207.

Because Nagle never entered a general appearance, his actual knowledge of the proceedings, which would always exist when a defendant makes a special appearance in order to move to quash service of summons, did not serve to dispense with the statutory requirements by which he was to be served with process. See *Meldoc*

*Properties v. Prezell* (1987), 158 Ill. App. 3d 212, 215-16; *Giralamo v. O'Connell* (1986), 145 Ill. App. 3d 527, 528-29.

Consequently, we hold that the trial court erred in holding that Nagle had been properly served and that it therefore had no jurisdiction to hold him in default or to enter judgment against him. Accordingly, Nagle's remaining claims of error need not be addressed.

The judgment of the trial court in appeal No. 1—90—0413 is therefore reversed.

No. 1—90—0006, Dismissed.
No. 1—90—0413, Reversed and remanded.

DiVITO, J., concurs.

JUSTICE HARTMAN, concurring in part and dissenting in part:

I concur in the dismissal of No. 1—90—0006; however, I respectfully dissent in the reversal of No. 1—90—0413.

According to plaintiffs' counsel's affidavit, defendant Gaylon Nagle (Nagle) was served at 6949 Valley Creek Road in Woodbury, Minnesota, as a nonresident of Illinois, through the Illinois Secretary of State on July 29, 1987, by having forwarded to that office a copy of the complaint and summons. Following that service, plaintiffs' counsel averred, a copy of the complaint, summons and affidavit of service was sent to Nagle at the same address by registered mail on July 30, 1987, purportedly in compliance with section 10—301 of the Illinois motor vehicle law (Ill. Rev. Stat. 1987, ch. 95½, par. 10—301). Defendant Autumn Grain Transport, Inc. (Autumn), was served by the deputy sheriff of Washington County, Minnesota, upon Beverly Rieks, its vice-president, on July 31, 1987. The Illinois Secretary of State notified plaintiffs' attorney on July 29, 1987, that "a copy of Summons, and Complaint at Law with proper fee has been received in this Office in the above-captioned matter on the date indicated. Filing and service of same has been accepted with the provisions of Section 10—301 of the Illinois Vehicle Code," as to Nagle.

On October 17, 1987, present defense counsel entered a special and limited appearance on behalf of both Autumn and Nagle. Presumably, Nagle authorized defense counsel to enter such an appearance in his behalf. A motion was filed by plaintiffs' counsel and served upon present defense counsel notifying them of a motion to be presented on April 5, 1988, moving to strike the special and limited appearances of "Defendants AUTUMN GRAIN TRANSPORT, INC. and GAYLON NAGLE since no motion has been brought stating a reason why

Defendant should be allowed to appear by a special and limited appearance."

A motion to quash summons on behalf of Nagle, appearing specially, was filed on April 13, 1988, through present defense counsel, objecting to the jurisdiction of the circuit court and moving to quash the purported service of summons of July 29, 1987, for Nagle through the office of the Secretary of State. Nagle claimed that plaintiffs' affidavit of compliance was notarized more than 10 days after service upon the Secretary of State and that Nagle never received a true affidavit of compliance when he was served. On April 13, 1988, the circuit court granted the motion to quash service of process on July 29, 1987.

Meanwhile, plaintiffs' counsel again served Nagle through the Illinois Secretary of State on February 2, 1988, with an alias summons, complaint and affidavit. Thereafter, upon notice and motion of default for failure to file an answer and general appearance in this matter, after having been served on July 31, 1987, and February 2, 1988, an additional and special appearance was filed on behalf of Nagle by present defense counsel.

On May 31, 1988, present defense counsel moved to vacate all technical defaults against Autumn and asked that its special and limited appearance filed September 17, 1987, be converted to a general appearance and it be permitted to file an answer or otherwise plead to plaintiffs' complaint. In its answer filed May 31, 1988, Autumn admitted that Nagle was a permissive driver, agent and/or servant for said defendant, but further answering, denied other allegations.

Also on May 31, 1988, present defense counsel specially appeared on behalf of Nagle and moved to quash the February 2, 1988, service of process made through the Secretary of State pursuant to section 10—301. Among the grounds alleged to support this motion to quash was that service of process at 6949 Valley Creek Road, Woodbury, Minnesota, was the same address that plaintiffs purportedly had used to obtain service of process over Nagle's principal, Autumn, and complained that "no process documents have ever been sent to the last known address of Gaylon Nagle. Rather, they were merely sent to the last known address of Autumn Grain Transport, Inc." That motion to quash resulted in Nagle being given additional time to file an amended motion to quash. Plaintiffs filed a response and asked that the motion be continued together with the motion for defaults. On June 1, 1988, plaintiffs' counsel served present defense counsel with interrogatories to be answered by Autumn and Nagle. Among the

questions asked was that each defendant's answer set forth the full names and addresses of the individuals signing the answers.

On June 6, 1988, present defense counsel served plaintiffs' counsel with an amended motion to quash as to Nagle, again challenging the service of process, this time because the last known address of Nagle was the same address as Autumn. In support of Nagle's motion to quash, an affidavit was filed by the president of Autumn in which he averred that Nagle did not reside at 6949 Valley Creek Road, Woodbury, Minnesota, which address was "an office inside a bank building, and there is no facility at that address for loading, unloading, or parking tractor-trailers." The matter was continued to July 22, 1988, with no answer filed to interrogatories.

On July 25, 1988, the circuit court ordered Autumn to comply with all outstanding written discovery within 28 days. Nagle's amended motion to quash present service of process was continued to September 14, 1988. Plaintiffs filed a response to the amended motion to quash thereafter, noting, among other things, that Nagle himself had never claimed that he did not reside at 6949 Valley Creek Road, Woodbury, Minnesota.

Plaintiffs filed a motion noting that although Autumn had been in the case for over a year, plaintiffs have been prejudiced by Autumn's refusal to answer outstanding written discovery, including that which asked for the "current address as well as ascertaining whether or not the Defendant, Nagle was an agent and/or employee of Defendant AUTUMN GRAIN TRANSPORT, INC." An order was entered on September 14, 1988, continuing Nagle's amended motion to quash to November 15, 1988, and on September 23, 1988, Autumn was given an additional 14 days to respond to the outstanding written discovery.

On October 4, 1988, Autumn filed an objection to written discovery claiming that Supreme Court Rule 201(b) (134 Ill. 2d R. 201(b)) prohibited discovery before Nagle had appeared. No mention was made of Supreme Court Rule 201(l), which permitted limited discovery where, as, here, a special appearance was filed. (134 Ill. 2d R. 201(l).) Autumn's objection to plaintiffs' interrogatories was denied on August 7, 1988, and Autumn was given 28 days in which to answer. The answers were filed on November 7, 1988. Among the answers given were that "Autumn Grain Transport, Inc. did not have a residential address for Nagle on July 18, 1985 [the date of the accident] nor does it currently. Nagle has received mail at Box 172 Delavan, Minnesota 56023 although Autumn does not know if he still receives mail there." Autumn Grain Transport also answered that "Gaylon Nagle was employed by Autumn Grain Transport, Inc. as a truck

driver on July 18, 1985 and was its agent while in the furtherance of the company's business. His term of employment began in approximately May, 1984, and ended approximately September, 1985." On November 15, 1988, the circuit court order quashed the purported service of process on Nagle on or about February 2, 1988. No reasons were given or findings made.

Another attempted service of process was made on or about November 20, 1988, through the Secretary of State pursuant to section 10—301 of the motor vehicle code, by plaintiffs' counsel. A new special and limited appearance was filed on behalf of Nagle by present defense counsel on December 21, 1988. This was followed by Nagle's motion to quash, by and through present defense counsel. Among the grounds contained in this motion were that the court file did not contain an affidavit of compliance or other proof of service. Autumn thereafter moved on September 7, 1989, to dismiss the complaint against Nagle under Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)). In this motion, Autumn claimed that plaintiffs failed to exercise due diligence and that prior attempts at serving process did not relieve plaintiffs of their burden.

The motion to dismiss addressed itself to the attempted services of process on July 29, 1987, February 2, 1988, and November 20, 1988. On October 3, 1989, plaintiffs responded that the computer in the Cook County clerk's office, law division, revealed service was effectuated as of November 11, 1988, on Nagle, that the Secretary of State's office received all necessary papers, including an affidavit of compliance, on November 15, 1988, and claimed that plaintiffs had met all requirements of section 10—301. An affidavit of service by plaintiffs upon the clerk of the circuit court and Secretary of State averred that a copy of process so served was sent to "GAYLON NAGLE Box 172 Delavan, Minnesota 56023, that this address being the last known address of the said defendant, that this Affidavit and Notice, containing the above and foregoing, were sent by Registered Mail, having been registered within the branch Postal Office Station located at 211 S. Clark Street, Chicago, Illinois." The affidavit was sworn to on November 22, 1988.

Thereafter, Nagle, by and through present defense counsel, claimed that the mailing receipt filed by plaintiffs showed that the mailing was done by certified mail rather than by registered mail, as required by section 10—301. Plaintiffs' counsel conceded that he sent the summons to Nagle by certified mail, but asked that strict compliance with the requirements of section 10—301 be excused because paragraph 911.1.14(b) of the United States Post Office Domestic Man-

ual (Manual) prohibits the sending of registered mail to a post office box, and that because a post office box was Nagle's last known address, service through certified mail was proper, especially when Nagle was actually aware of the suit against him.

Plaintiffs rely upon *Olin Corp v. Dowling* (1981), 95 Ill. App. 3d 1113, 420 N.E.2d 1047, *appeal denied* (1981), 85 Ill. 2d 567. The court in *Olin* held that plaintiffs, who were required by section 6 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 269) to serve 3,801 defendants by registered mail, could instead serve them "by certified mail,' return receipt requested," noting a difference in costs to the plaintiffs of $9,692.55, finding that certified mail with return receipt requested was " 'the functional equivalent of registered mail for court purposes' [citation], especially when that mail need only be sent to 'the last known place of residence *** of each such defendant' [citation]," and citing the interest of "[ ]justice *** [and] judicial economy." (95 Ill. App. 3d at 1115-17.) In *Bultman v. Bishop* (1984), 120 Ill. App. 3d 138, 143, 457 N.E.2d 994, the appellate court held that the form of mailing notice is not controlling where certified mail serves the same purpose as registered mail. See *Johnson v. Burken* (N.D. Ill. 1989), 727 F. Supp. 398.

On at least two occasions, our supreme court has found the notice provisions satisfied although not in strict compliance with statutory restrictions. In *People ex rel. Loeser v. Loeser* (1972), 51 Ill. 2d 567, 283 N.E.2d 884, sending a copy of a summons other than by the prescribed "restricted mail delivery" was excused, the court stating (51 Ill. 2d at 572):

> "The requisites of due process are satisfied if the manner of effecting service of summons gives reasonable assurance that notice will actually be given and the person against whom the action is brought is given reasonable time to appear and defend on the merits. (*McGee v. International Life Insurance Co.*, 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199; *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154.)"

More recently, the *Loeser* decision was cited with approval in *Stratton v. Wenona Community Unit District No. 1* (1990), 133 Ill. 2d 413, 551 N.E.2d 640, the supreme court observing (133 Ill. 2d at 432-33):

> "A fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information. (*Mullane v. Cen-*

*tral Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314-15, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657; *Rosewell v. Chicago Title & Trust Co.* (1984), 99 Ill. 2d 407, 411.) Due process does not require useless formality in the giving of notice (*In re J.W.* (1981), 87 Ill. 2d 56, 62), requiring only reasonable assurance that notice will actually be given and the person whose rights are to be affected will be given reasonable time to appear and defend (*People ex rel. Loeser v. Loeser* (1972), 51 Ill. 2d 567, 572). There must be an opportunity, at a meaningful time and in a meaningful 'manner, for a hearing appropriate to the nature of the case. *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 71 L. Ed. 2d 265, 279, 102 S. Ct. 1148, 1158-59."

Plaintiffs' efforts to effectuate good-faith compliance with section 10—301, particularly in light of lack of cooperation by the defense, and only a post office box number to serve, satisfied any requirement of reasonable and meaningful service of process under the circumstances of this case. I would affirm the circuit court on this issue.