2024 IL App (1st) 221801-U
Order filed: November 7, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-1801

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE CITY OF CHICAGO, a municipal corporation, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County |
| v. | ) ) | |
| UNKNOWN HEIRS AND LEGATEES OF MARY DZENDROWSKI, | ) ) ) | No. 18 M1 402906 |
| Defendants, | ) ) ) | |
| (John Dzendrowski and Ted Dzendrowski, | ) ) | Honorable Leonard Murray, |
| Defendants-Appellants.) | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Ocasio and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismissed defendants' appeal from the orders denying their motions to quash service on them by publication, finding we lacked jurisdiction. We affirmed the order voluntarily dismissing plaintiff's cause of action.

¶ 2    Plaintiff-appellee, the City of Chicago, filed a complaint for equitable and other relief against the unknown owners of a single-family home located at 3738 W. 60th Street in Chicago

(the property) and against the unknown heirs of the last known owner, Mary Dzendrowski. The property allegedly had been neglected and allowed to become unsafe and a public nuisance. Plaintiff served the unknown owners and heirs by publication. When no one appeared in response, the court appointed a limited receiver to abate the nuisance. After the appointment, two relatives of the deceased owner, defendants-appellants John and Ted Dzendrowski, moved to quash service by publication, which the court denied. The limited receiver remedied some of the issues with the property and the court granted it a receiver's certificate for the cost of the work completed. Plaintiff voluntarily dismissed its action and the court ordered that the case be taken off its call. Defendants appeal, arguing that the court erred by denying their motions to quash service by publication. Defendants also ask us to reverse the voluntary dismissal of plaintiff's complaint because their due process rights were violated when the court failed to give them sufficient opportunity to file their answer and counterclaims. We dismiss defendants' appeal from the orders denying their motions to quash for lack of jurisdiction. We affirm the voluntary dismissal order.

¶ 3      On October 27, 2016, plaintiff conducted an inspection of the property and found numerous violations of the Illinois Municipal Code (65 ILCS 5/1-1-1 *et seq*. (West 2016)), including warped flooring, missing ductwork, missing electrical and plumbing fixtures, and damage to the roof and stairs. The exterior of the property was overgrown with decaying trees. Plaintiff conducted a search of title and tax records showing that the property's last owner was Mary, who died in 2010. A search of probate records revealed that no probate case was opened for Mary, and there was no declaration of heirship. Plaintiff also searched a law enforcement database that generated a list of eight "possible relatives" of Mary, including John and Ted.

¶ 4      On August 31, 2018, plaintiff filed a complaint against Mary's unknown heirs and legatees as well as any unknown owners and nonrecord claimants of the property. The complaint sought

various forms of alternative relief, including civil penalties against the unknown heirs, legatees and owners, an order requiring them to repair the property, an order authorizing plaintiff to repair or demolish the property, and an order appointing a receiver for the property.

¶ 5    Plaintiff sought to notify Mary's eight possible relatives of the action, even though plaintiff did not know if any of them were Mary's heirs or whether they even had an interest in the property. In particular, plaintiff included with its complaint a service list specifying each of the eight relatives' most recent possible addresses. Between September 2018 and April 2019, plaintiff made numerous attempts to serve them, and specifically made at least five unsuccessful service attempts apiece for John and Ted. Plaintiff was able to successfully serve only one of Mary's relatives, Sherilyn Dzendrowski, but she never appeared in this case.

¶ 6    On April 18, 2019, the court held a hearing at which an attorney appeared on behalf of John. No transcript of the hearing is included in the record on appeal. Following the hearing, an agreed order was filed, which stated that John waived summons. John also agreed to keep the property vacant and secure, to clear the junk, debris, and plant overgrowth within 21 days, and to schedule an inspection of the property with the Department of Buildings. The court granted leave for John's attorney to file an appearance within seven days and for John to file an answer to plaintiff's complaint within 30 days. The case was continued to August 15, 2019.

¶ 7    The court-ordered deadlines passed. John's attorney did not file his appearance and John did not file an answer to the complaint. John did not schedule an inspection of the property, nor did he remove the junk and debris or cut the overgrowth as agreed to in the order.

¶ 8    On August 15, 2019, the court entered an order authorizing plaintiff to conduct an interior inspection of the property and to board and secure the premises. The court also granted plaintiff

leave to serve all of Mary's unknown heirs and legatees, and any unknown owners of the property, by publication.

¶ 9    On August 21, 2019, plaintiff filed three affidavits with the circuit court clerk in support of service by publication. The first affidavit attested that the current owners of the property were unknown and "upon diligent inquiry cannot be ascertained." The second attested that the heirs of the last known owner, Mary, were unknown and "upon diligent inquiry cannot be ascertained." The third attested that "on due inquiry," the unknown owners and heirs "cannot be found so that process cannot be served" on them; further, their place of residence "upon diligent inquiry cannot be ascertained."

¶ 10    Service by publication was completed three times in late August and early September. The publications advised any unknown owner or heir to file their appearance by September 23, 2019. No appearances were filed by that date.

¶ 11    On August 30, 2019, plaintiff filed a petition for the appointment of a temporary limited receiver, stating that the appointment was necessary because the property contained numerous dangerous building conditions posing a threat to public safety in violation of the Illinois Municipal Code (65 ILCS 5/1-1-1 *et seq.* (West 2016)). Plaintiff asked that the receiver be authorized to clear junk and debris from the exterior of the property, abate the overgrowth of decaying trees, and maintain the property as vacant and secure. On October 3, 2019, the court entered an order appointing TN Property Management LLC (TN) as a limited receiver authorized to remove all overgrown and decaying trees as well as all junk and debris on the exterior of the property. TN also was authorized to board and secure the property and to make repairs not exceeding $13,000.

¶ 12    On December 3, 2019, John filed a motion to quash service on him by publication, arguing that plaintiff failed to conduct a diligent inquiry in ascertaining his residence or a due inquiry in ascertaining his whereabouts.

¶ 13    On December 5, 2019, the court entered an order temporarily staying TN's receivership until January 16, 2020. On January 16, 2020, the court ordered TN to file its interim accounting for the actions already taken. TN subsequently sought $9462.50, covering the costs of tree removal as well as the costs of site inspection visits and court appearances.

¶ 14    On April 7, 2021, the court entered an order denying John's motion to quash service on him by publication "as he submitted himself to the jurisdiction of the court pursuant to the agreed order" of April 18, 2019. The court granted John 28 days to answer the complaint or otherwise plead and granted him leave to file a response to TN's accounting by June 2, 2021. John did not file an answer to the complaint or a response to the accounting.

¶ 15    On June 1, 2021, Ted filed a motion to quash service on him by publication, mirroring John's arguments that plaintiff failed to conduct a diligent inquiry in ascertaining his residence or a due inquiry in ascertaining his whereabouts. On June 2, 2021, John filed a motion to vacate the order appointing TN as limited receiver, arguing that plaintiff's petition for the appointment of a receiver overstated the poor condition of the property and its threat to public safety.

¶ 16    On June 9, 2021, the court granted John leave to answer or otherwise plead to all pending matters within seven days. John again failed to file any responsive pleadings.

¶ 17    On April 14, 2022, the court heard oral argument from the parties on all pending motions. No transcript of the hearing is included in the record on appeal. That same day, the court entered a written order denying John's motion to vacate the order appointing TN as a limited receiver and granted TN a receiver's certificate in the amount of $9462.50 plus interest. The court also denied

Ted's motion to quash service on him by publication. The order concluded that "[a]s all matters are resolved, this case shall be taken off the Court's call."

¶ 18 Defendants moved for reconsideration. Plaintiff filed a response opposing the motion to reconsider and stating that the April 14 order failed to reflect that plaintiff had voluntarily dismissed the case against defendants following the granting of the receiver's certificate. Plaintiff asked that the motion to reconsider be denied and that the court enter a *nunc pro tunc* order reflecting the dismissal of the complaint. On November 1, 2022, the court heard oral argument on the motion to reconsider and issued an order denying it "for the reasons stated in Court." No transcript of the hearing is included in the record on appeal. The order further stated "[t]here being no pending matters, this Case *** is ordered to be taken off call." The order does not explicitly state that plaintiff voluntarily dismissed the case. However, the circuit court's electronic case summary states the case was dismissed "by stipulation or agreement" on November 1, 2022. Defendants appeal, arguing that the court erred by denying their respective motions to quash service by publication.

¶ 19 Before we consider the merits of the appeal, we first address our jurisdiction. See *Daewoo International v. Monteiro*, 2014 IL App (1st) 140573, ¶ 72 (we have the duty to consider our jurisdiction, regardless of whether the parties have raised it as an issue). Defendants failed to include a jurisdictional statement in their appellants' brief, in violation of Illinois Supreme Court Rule 341(h)(4) (eff. Oct. 1, 2020). Plaintiff included a jurisdictional statement in its brief. Plaintiff stated that as the electronic case summary shows that the case was voluntarily dismissed on November 1, 2022, we have jurisdiction under Illinois Supreme Court Rule 303 (eff. July 1, 2017) to consider defendants' timely appeal therefrom, including the orders denying their motions to

quash. We note that there is no indication in the record that the electronic case summary was wrong or that the case was not voluntarily dismissed on plaintiff's motion.

¶ 20    An order granting a plaintiff's motion to voluntarily dismiss its case is final and appealable by defendants. *Resurgence Financial, LLC v. Kelly*, 376 Ill. App. 3d 60, 62 (2007); *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 305-07 (1984). However, our supreme court has explained that a voluntary dismissal does not render all orders entered prior thereto appealable. The voluntary dismissal renders previous orders appealable only if they were final:

> "The order of voluntary dismissal, because it disposed of all matters pending before the circuit court, rendered all orders *which were final in nature*, but which were not previously appealable, immediately final and appealable. It is well settled that *final orders* entered in a case become appealable following a voluntary dismissal." (Emphases added.) *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 503 (1997).

See also *Bauman v. Patterson*, 2018 IL App (4th) 170169, ¶ 34 (a voluntary dismissal disposes of all remaining issues in the case, making appealable the orders preceding the dismissal that were final in nature).

¶ 21    It is well settled that the denial of a motion to quash service of summons is not a final judgment. See *Burton v. Autumn Grain Transport, Inc.*, 222 Ill. App. 3d 755, 756 (1991); *People ex rel. Department of Public Health v. Brown*, 96 Ill. App. 2d 355 (1968) (abstract of opinion). As the orders respectively entered in this case on April 7, 2021, and April 14, 2022, denying defendants' motions to quash service by publication were not final orders, they were not rendered appealable by the voluntary dismissal subsequently entered on November 1, 2022. Therefore, we lack jurisdiction to consider defendants' appeal of the April 7, 2021, and April 14, 2022, orders denying their respective motions to quash service by publication.

¶ 22    Defendants also appeal the voluntary dismissal order itself, arguing that the granting of the dismissal order under the facts of this case deprived them of procedural due process. As discussed, an order voluntarily dismissing plaintiff's case is final and appealable by defendants. *Kelly*, 376 Ill. App. 3d at 62; *Kahle*, 104 Ill. 2d at 305-07. Accordingly, we consider defendants' appeal therefrom, beginning with Ted's procedural due process argument.

¶ 23    Ted contends that prior to the resolution of his motion to quash service by publication, he could not file any responsive pleadings against plaintiff or TN without waiving his jurisdictional objections to the service of process, and therefore he waited to file his pleadings until after the court ruled on the motion. After the court denied his motion to quash, though, plaintiff voluntarily dismissed the case and the court took the case off call without ever giving him the chance to file an answer or counterclaim against plaintiff's complaint, or a response to TN's accounting, thereby depriving him of procedural due process. See *People ex rel. Loeser v. Loeser*, 51 Ill. 2d 567, 572 (1972) (holding that due process requires that the person against whom an action is brought be given reasonable time to defend on the merits).

¶ 24    Ted's argument is without merit. Under section 2-301 of the Code (735 ILCS 5/2-301 (West 2020)), as long as a defendant files an objection to personal jurisdiction before filing any responsive pleading or other motion, any subsequent filings do not result in forfeiture of his jurisdiction objection. *Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 26. Here, Ted objected to the court's personal jurisdiction by filing a motion to quash service of process on June 1, 2021, and the motion remained pending for 10 months until it was denied, and the case was dismissed, on April 14, 2022. As the motion to quash was filed prior to filing any other responsive pleading or motion, Ted was not precluded from filing his answer or counterclaims to plaintiff's complaint, or his response to TN's accounting, during the 10-month

pendency of the motion. Thus, contrary to his argument on appeal, Ted had a reasonable time to defend against the complaint and the accounting on the merits, but he failed to do so. Therefore, his due process argument fails.

¶ 25   John makes a similar procedural due process argument that fails for the same reason, specifically, that during the 16 months his motion to quash was pending from December 3, 2019 to April 7, 2021, he could have filed his answer or counterclaim to plaintiff's complaint, and his response to TN's accounting, but he did not do so. Also, John had an additional year after his motion to quash was denied on April 7, 2021, until the dismissal of the case on April 14, 2022, to file those responsive pleadings but he again failed to do so. The court specifically granted John leave to answer plaintiff's complaint on three separate occasions, and he failed to take advantage. John was not deprived of procedural due process.

¶ 26   As defendants' procedural due process arguments are without merit, we affirm the voluntary dismissal order.

¶ 27   For all the foregoing reasons, we affirm the circuit court's November 1, 2022 order granting plaintiff's motion for voluntary dismissal. We dismiss defendants' appeal from the April 7, 2021 and April 14, 2022 orders denying their respective motions to quash service on them by publication.

¶ 28   Affirmed in part and dismissed in part.